[No. 3,784.]

# HENRY MILLER, JAMES P. SARGENT, AND THOS. RAY, v. ANDREW MYERS AND CHRISTIAN WENTZ.

OUSTER OF TENANT IN COMMON.— If a tenant in common in possession, refuses, on a proper demand, to admit his cotenant into possession, this refusal constitutes an ouster, and in ejectment dispenses with the necessity of further proof on that point.

IDEM.—An adverse holding and claim of title by a tenant in common, do not of themselves constitute an ouster of a cotenant.

DENIAL OF TITLE IN ANSWER IS OUSTER.— In ejectment by a tenant in common against his cotenant, a denial in the answer of the plaintiff's title and right of entry, is equivalent to an ouster; but an ouster established in this manner relates only to the commencement of the action.

DAMAGES IN EJECTMENT.—If there is no proof of an ouster, in ejectment, except a denial of the plaintiff's title and right of entry in the answer the plaintiff can recover damages only from the date of the institution of the suit.

PROOF OF OUSTER OF TENANT IN COMMON. — An ouster by one tenant in common of his cotenant, cannot be inferred from the facts alone, that the tenant in common was in the adverse possession, claiming adversely to his cotenant, when there has been no demand to be let into possession.

POSSESSION OF ONE TENANT IN COMMON. - The tenant in common out of possession, has a right to assume that the possession of his cotenant is his possession until informed to the contrary, either by express notice or by acts and declarations, which may possibly be equivalent to notice.

RECOVERY OF RENTS AND PROFITS IN EJECTMENT. — In ejectment, the value of the use and occupation of the demanded premises can be recovered only in the form of damages.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

Ejectment to recover a tract of land in Santa Clara County, being a portion of Las Animas Rancho.

This suit was commenced on the 30th day of August, 1871, and the complaint averred an ouster on the 28th day of August, 1868. Judgment was rendered on the 21st day of December, 1872, giving plaintiffs possession of one undi-

vide one half of the demanded premises, and four hundred and forty dollars as damages for withholding posoession.

The complaint averred that the rents and profits amounted to the sum of two thousand dollars, and that the plaintiffs had been damaged in the sum of one hundred dollars. The prayer was for judgment for one hundred dollars damages, and for two thousand dollars, rents and profits. The value of the use and occupation was fifty cents per acre per annum.

The plaintiffs were the owners in fee of an undivided one half of the Rancho Las Animas, and had been such owners since the 28th day of August, 1868. J. L. N. Shepherd, since the 9th day of March, 1864, had been the owner in fee of an undivided one forty-eighth of one sixteenth of said rancho, and had been in possession of the demanded premises by his tenants since 1853, claiming title thereto in himself, adverse to the plaintiffs and to all other persons. The defendants were his tenants. The plaintiffs did not demand possession before bringing suit.

The defendants appealed.

The other facts are stated in the opinion.

*F. E. Spencer,* for Appellants.

We submit that the rendering judgment of four hundred and forty dollars, as one half of the rents and profits, is not supported by the issues or findings.

There is no averment in the complaint that the rental value is any sum whatever; and the finding of the Court upon that point amounted to nothing. (*McComb* v. *Reed,* 28 Cal. 284; *Bernal* v. *Gleim,* 33 Cal. 668; *Smith* v. *Owen,* 21 Cal. 24; *Gifford* v. *Carville,* 29 Cal. 596.)

Plaintiffs' and defendants' landlord being tenants in common, it was incumbent on the former, in order to charge the latter with any portion of the rental value, to offer or attempt to take joint possession (which the finding flatly negatives), or, on the other hand, to aver and establish a

fiduciary relation between the parties and the actual receipt of rents by virtue thereof. (*Pico* v. *Columbet*, 12 Cal. 414; *Goodenow* v. *Ewer*, 16 Cal. 461.)

*Houghton & Reynolds*, for Respondents.

The first point made by the appellants is rather a criticism upon the language of the complaint and findings than the statement of a substantial defect.

The value of the rents and profits furnishes the measure for determining the amount of damages sustained for the withholding of the possession, and the averment in the complaint is equivalent to stating the value of the use and occupation of two thousand dollars. (Practice Act., Sec. 64; Code of Civil Procedure, Sec. 427.)

The rents, as such, cannot be recovered in an action of ejectment, for they arise out of a relation created by contract. Rents and profits are recovered in this action as damages for withholding the possession.

The averments of the complaint and the findings, if read with reference to their substantial meaning, and disregarding all errors not affecting the substantial rights of the parties, sustain the judgment. (Code of Civil Procedure, Sec. 475.)

The other point is, that the plaintiffs were not entitled to recover rents and profits, because the defendants' landlord was a tenant in common with the plaintiffs, and had never attempted to take joint possession. The answer is, that this is not a suit against the defendants or Mr. Shepherd, to compel an accounting as a tenant in common, but an action to recover against him as a trespasser or a disseizor. It is found that the defendant and Shepherd had been in the actual, adverse possession of the land ever since 1853, claiming title thereto adverse to the plaintiffs and the whole

world.   And so, while Mr. Shepherd owned a small undivided interest in the title to the land, he excluded the plaintiffs, and as to the possession and use of the land, held no community relation to the plaintiffs.


By the COURT:

It is well settled that a refusal, after a proper demand by a tenant in common in possession to admit his cotenant into the possession, is itself an ouster, and dispenses with the necessity of further proof on that point.   It is equally clear that in an action by a tenant in common against his cotenant to be admitted into the possession, a denial in the answer of the plaintiff's title and right of entry is equivalent to an ouster,   The action is the most effective demand the plaintiff could make to be let into possession; and if his title and right of entry be denied, he need make no further proof of the ouster.   But an ouster established in this method relates only to the commencement of the action; and if there be no proof of an ouster at a prior date, it will be deemed to have occurred immediately before the institution of the suit.   In that event the plaintiff can recover in ejectment the value of the use and occupation only from the commencement of the action, when the ouster is deemed to have occurred.   In this case the answer denies the plaintiff's title and right of entry; and this established the ouster, as of the date of the institution of the suit.   The recovery for use and occupation ought, therefore, to have been limited to that period, unless there was proof of an ouster at an earlier date.   But the Court finds that Shepherd, the landlord of the defendants, had been in the actual adverse possession of the demanded premises from the year 1853 to the present time, claiming title adversely to the plaintiffs and all other persons; but that the plaintiffs had made no demand before the commencement of the action to be let

into the possession, and had made no offer or attempt to take possession. If an ouster can be inferred from these facts, it must rest solely on the ground that Shepherd was in the adverse possession, claiming title adversely to the plaintiffs. It does not appear that the adverse holding and claim of title were open and notorious, nor that the plaintiffs had notice of it. It is, therefore, unnecessary for us to decide whether, if these facts had appeared, the ouster would have been established, in the absence of a demand by the plaintiffs to be let into the possession. But it is clear that an adverse holding and claim of title do not, of themselves, constitute an ouster. The tenant, out of possession, has a right to assume that the possession of his co-tenant is *his* possession, until informed to the contrary, either by express notice or by acts and declarations, which may possibly be equivalent to notice under certain circumstances. But until he has notice, either actual or constructive, in some form, that the possession of his cotenant has become hostile, it will be deemed in law to have been amicable, notwithstanding the tenant in possession may, in fact, have been holding adversely. If the rule were otherwise, the tenant out of possession might be disseized, and lose his remedy, by the bar of the Statute of Limitations, without notice that the possession of his cotenant, which before was amicable, had become hostile. To avoid this injustice, the law deems the possession to have continued amicable until the tenant out of possession has, in some method, been notified that it has become hostile. We are, therefore, of opinion that the facts shown by the findings do not establish an ouster in 1868, and that none was proved, except by the denials of the answer, which related only to the commencement of the action. The Court, therefore, erred in awarding damages for use and occupation prior to the institution of the suit. In the complaint, the plaintiffs demand only one hundred dollars as damages;

and, as the value of the use and occupation can be recovered in this action only in the form of damages, the plaintiff's recovery must be limited to the amount claimed.

Judgment reversed, and cause remanded, with an order to the Court below to modify the judgment by reducing the damages to one hundred dollars.

Mr. Chief Justice WALLACE, being disqualified, did not participate in this decision.