[No. 9868.     Department One. — March 24, 1888.]

## FREDERICKE FRICK, RESPONDENT, v. WILLIAM SINON, APPELLANT.

ADVERSE POSSESSION — TENANCY IN COMMON — DEED BY CO-TENANT. — A party in the actual, exclusive, and adverse possession of a tract of land, the legal title to which is held by several persons as tenants in common, by taking a deed of the entire tract from one of the co-tenants and continuing in possession under it does not become a co-tenant with the other holders of the legal title.

ID. — QUIETING TITLE — EVIDENCE — PAYMENT OF STREET ASSESSMENT AND INSURANCE. — In an action by the adverse possessor to quiet the title acquired by his adverse possession against the holder of the paper title, evidence is admissible that the plaintiff and her predecessors had paid street assessments and insurance on the premises.

LXXV. CAL.—22

ID. — OFFER TO BUY ADVERSE TITLE. — A title once acquired by adverse possession is not affected by a subsequent offer by the adverse possessor to buy in the paper title.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*William M. Pierson,* for Appellant.

The plaintiff's predecessor, by taking a deed from the one co-tenant made himself a co-tenant with the others. (*Carpentier* v. *Mendenhall,* 28 Cal. 485; 87 Am. Dec. 135; *Miller* v. *Myers,* 46 Cal. 535; *Seaton* v. *Son,* 32 Cal. 481.) The possession of the plaintiff or her predecessors, after the giving of the deed, was not adverse to the co-tenants. (*Packard* v. *Johnson,* 57 Cal. 183; *Pico* v. *Columbet,* 12 Cal. 414; 73 Am. Dec. 550; *Colman* v. *Clements,* 23 Cal. 245; *Owen* v. *Morton,* 24 Cal. 373; *Miller* v. *Myers,* 46 Cal. 535.)

*J. E. Foulds,* for Respondent.

The purchase by the adverse possessor of the title from one of the co-tenants did not make him a co-tenant with the others. (*Johnson* v. *Smith,* 13 Johns. 406; *Glen* v. *Gibson,* 9 Barb. 634; *Cannon* v. *Stockmon,* 36 Cal. 541; 95 Am. Dec. 205.)

McKINSTRY, J. — An action to *quiet title,* commenced October 29, 1883. The court below adjudged in effect that the plaintiff had acquired the legal title to the land described in the complaint by an adverse possession continued for the statutory period. Appellant contends, it appears from the evidence, that the plaintiff and defendant were at the commencement of the suit and at the trial tenants in common of the premises.

There was evidence that the predecessor in interest of

the plaintiff had the actual, exclusive, and adverse pos-
session, under color of title, of the whole of the land in
controversy, from the year 1862 up to the seventeenth
day of April, 1868, at least.    Such possession, however,
unless it continued to April 21, 1868, — five years from
the approval of the act of limitations of 1863,— did not
bar the right of possession of defendant's grantors.

On the seventeenth day of April, 1868, W. H. Camp-
bell, J. B. Crockett, and Gwyn Page were the owners
in fee-simple, as tenants in common, of the land the
title whereto is here in dispute.    On that day Campbell
commenced an action of ejectment against the prede-
cessor of the plaintiff for the recovery of the possession
of the land, averring in his complaint that he was the
sole owner thereof.    The defendant in the ejectment, by
answer, denied the title of the plaintiff therein.

While the ejectment was pending, and on the sixth
day of March, 1869, Campbell, for a valuable considera-
tion, executed and delivered to the defendant therein a
deed " of the whole of the premises " described in the
complaint therein and herein.    The action of ejectment
was thereupon dismissed.

It is contended by appellant that the reception of the
deed by plaintiff's predecessor made him a tenant in
common with defendant's grantors, Crockett and Page.

Had Campbell been in the sole possession of the prem-
ises, and had he delivered the possession of the whole
to the plaintiff's predecessor, the entry by the predeces-
sor would have been in the assertion of an exclusive
right in severalty, and equivalent to an express declara-
tion on the part of the grantee that he entered "claiming
the whole to himself."    It would have been such a dis-
seisin as would have set the statute of limitations in
motion in his favor.    (*Bath* v. *Valdez*, 70 Cal. 350.)

The grantee in the deed was in the adverse possession
of the whole of the land prior to the execution and deliv-
ery of the deed.    Crockett and Page could not say (nor

can their successors say) that they had no knowledge of the deed, and, in the same breath, that the deed made the grantee a tenant in common with them. Taking notice of the deed, the subsequent possession of plaintiff's predecessor was, to their knowledge, referable to the deed and was a possession with a claim of the whole title. The continued possession under the deed was as much a disseisin as would have been an entry under it. The mere commencement of the action of ejectment by Campbell, subsequently dismissed, did not deprive the plaintiff's predecessor of the benefit of his adverse possession begun in 1862, and which was continued for a period of five years,—a period completed before the deed was executed by Campbell. Even if the taking of the deed was any evidence tending to prove that the possession, begun in 1862, was not previously adverse, yet the taking of the deed and possession under it was a denial of any right in Crockett and Page from the date of its delivery and acceptance.

It follows that plaintiff's predecessor did not become a tenant in common with Crockett and Page by receiving the deed from Campbell.

There is ample evidence that plaintiff's predecessor was in the actual, exclusive, and adverse possession of the land in controversy, claiming title to the whole thereof under the deed aforesaid for five years next succeeding the sixth day of March, 1869.

The defendant testified that, say, in November, 1876 (more than seven years after the execution and delivery of the Campbell deed), he suggested to plaintiff's predecessor that they, together, should buy "the outstanding one fifth" of the property; to which the latter responded he could not afford it,—had no money; also, that shortly before the commencement of this action (more than fourteen years after the Campbell deed) the agents of the plaintiff asked defendant what he would take for his interest in the property; that he replied

"six hundred dollars," and that the agents thereupon declared they would not give him sixty dollars for it.

It was for the court below to determine the credibility of the witness.

An offer to buy out a hostile *claim* in 1876 or 1883 could not invalidate the title of plaintiff or her predecessor. (*Furlong* v. *Cooney*, 72 Cal. 322.) Here is no question of estoppel. Having acquired the title by adverse possession, plaintiff, while she remained in possession, could be divested of such title only by conveyance in writing.

And even if it should be conceded that the declaration was made by plaintiff's predecessor in 1876, as testified to, and that it constituted some evidence tending to show that during the five years of possession immediately following the Campbell deed the occupant had not intended to hold adversely, it was but evidence, and very slight evidence; and the court below was justified in holding it did not overcome the effect of the clearly established, open, notorious, and exclusive possession of the land under the deed purporting to grant the entire title.

Nothing was decided in *Carpentier* v. *Mendenhall*, 28 Cal. 484, 87 Am. Dec. 135, which is in conflict with the views above expressed. There the adverse possession of the defendants commenced in 1858. A special verdict found that the defendants "became tenants in common" with the plaintiff in 1860. The supreme court said that when the defendants became tenants in common with the plaintiff, their possession lost its hostile character. In *Miller* v. *Myers*, 46 Cal. 535, the appellant did not complain of the judgment letting the plaintiff into the possession as tenant in common, but for a judgment for mesne profits, claiming there was no *ouster* of the plaintiff prior to the commencement of the action.

The court below did not err in admitting evidence of the payment by plaintiff and her predecessor of street assessments and insurance premiums. Although perhaps

not admissible as evidence of the *fact* of possession, they tended in some degree to show that the claim of the actual possessor was to the whole title.

Judgment and order affirmed.

SEARLS, C. J., and PATERSON, J., concurred.