### HURIE v. QUIGG et al.

No. 16730—Opinion Filed June 22. 1926.

(Syllabus.)

1. **Pleading—Effect of Defendant's Motion for Judgment on Pleadings—Judgment as Matter of Law Where no Issue of Fact.**

Where a motion for judgment upon the pleadings is filed by a defendant, it searches the entire record, it tests the sufficiency of the petition filed by plaintiff and seeks a judgment in favor of either party entitled thereto. The defendant admits for the purposes of the motion the truth of every fact well pleaded by plaintiff as well as the untruth of defendant's allegations, and when there is no material issue of fact presented by the pleadings, it will be held that the court did not err in proceeding to determine the party entitled to the judgment as a matter of law.

2. **Champerty and Maintenance—Grant of Land Held Adversely.**

A conveyance of land made in contravention of the provisions of section 1679, Compiled Oklahoma Statutes, 1921, is void as against the persons holding adversely claiming to be the owners thereof under color of title.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by A. E. Hurie against Mary M. Quigg, John S. Hurie, Imogene Quigg Welch, and Luella F. Stewart seeking to quiet title to certain real estate in Oklahoma City; to have decreed void a decree of sale, an order of confirmation of sale and an administrator's deed; an accounting of rents and profits derived from the said real estate; the appointment of a receiver; and a judgment declaring plaintiff to be owner of a one-fourth interest in the said real estate. Judgment for defendants, from which plaintiff appeals. Affirmed.

George P. Glaze, for plaintiff in error.

Lydick, McPherren & Wilson, and Kittie C. Sturdevant, for defendants in error.

RILEY, J. A. E. Hurie filed this action in the district court of Oklahoma county against Mary M. Quigg, John S. Hurie, Imogene Quigg Welch, and Luella F. Stewart, seeking to quiet title in plaintiff to certain real estate in Oklahoma City; to have declared void a decree of sale, an order of confirmation of sale and an administrator's deed, all issued out of the county court of Oklahoma county, and relating to the real estate here brought in question; an accounting of rents and profits derived from the said real estate; the appointment of a receiver; and a judgment declaring plaintiff to be owner of a one-fourth interest in the real estate involved herein.

The undisputed facts are that on October 20, 1918, one Frances Sharp died intestate a resident of Oklahoma county, owning the Oklahoma real estate in dispute. The decedent left surviving as equal heirs three present known heirs, John S. Hurie, Mary M. Quigg, and Imogene Quigg Welch, and one absent and unknown heir, Louis Lynn Mathews. The estate was administered in the county court of Oklahoma county. Mary M. Quigg was appointed and acted as administratrix, and the said Mary M. Quigg, John S. Hurie, and Imogene Quigg Welch at all times claimed to be the sole and only heirs to the estate. The administratrix, by deed dated June 2, 1919, and recorded June 17, 1919, purported to sell and convey title to the whole of the real estate to John S. Hurie. Thereafter and on June 27, 1919, John S. Hurie conveyed an undivided one-third interest in said real estate to Mary M. Quigg, and a like one-third interest therein to Imogene Quigg Welch. These deeds were recorded August 11, 1919. From the date of the execution of these deeds heretofore set out, and in fact from the death of Frances Sharp, October 20, 1918, John S. Hurie, Mary M. Quigg, and Imogene Quigg Welch were in possession of the real estate and collected and retained the rents and profits therefrom. The county court on April 26, 1920, approved the final report of Mary M. Quigg, as administratrix, and upon representations made by John S. Hurie, Mary M. Quigg, and Imogene Quigg Welch decreed them to be the sole heirs to the estate and entered a decree of final distribution. On March 13, 1924, A. E. Hurie, plaintiff in error, obtained a quitclaim deed from Louis Lynn Mathews, the missing heir, which purported to convey to said A. E. Hurie all of the grantor's interest to the real estate involved in this controversy, and also all

rents that had been received from said property. On June 21, 1924, as heretofore set out, A. E. **Hurie began this** action in the court below, and as a result thereof the district court rendered judgment on the pleadings in favor of defendants in error and dismissed the action of plaintiff in error as plaintiff below.

It is urged that the lower court erred in its judgment for the reason that an issue of fact had been raised by the pleadings. It is insisted that two issues of fact were presented by the pleadings; the first being as to whether Louis Lynn Mathews was, and had been for more than one year prior to the date of execution of the deeds to plaintiff, in possession of the real estate here drawn in question; and the second being a question of fact presented by the defendants alleging a conspiracy between plaintiff, A. E. Hurie, John S. Hurie, and another.

Numerous citations are offered by the plaintiff, and with these we thoroughly agree, to the effect that if an issue of material fact is presented by the pleadings, it is error for the court to render judgment on the pleadings. Mires v. Hogan, 79 Okla. 233, 192 Pac. 811. ,

After a careful review of the pleadings, it is clear to us that the trial court did not commit error in deciding that there was no issue of material fact, the prerequisite step in determining as to the party entitled to judgment, for the petition of plaintiff makes it clear that Louis Lynn Mathews was a nonresident of Oklahoma; that he did not know of the death of Frances Sharp; that he did not know she was possessed of an estate until the 23rd day of February, 1924. Therefore, the only manner in which Louis Lynn Mathews could have been in possession of the real estate at the time of his deed to the plaintiff would have been as a cotenant. There was no dispute as to the facts existing, and it was a question of law as to whether cotenancy existed.

The other matter presented which is urged to be an issue of fact in our opinion does not constitute material fact, for the reason that such is only presented by the defendants below for the purpose of showing that the plaintiff did not come into the court of equity with clean hands. And, since defendants presented the motion for judgment, defendants not only admit for the purposes of the motion the truth of every fact well pleaded, but also the untruth of their own allegations which have been denied. Mires v. Hogan, supra. Hence the allegation of a conspiracy by movant, being

denied, is eliminated. A fortiori, if plaintiff's petition does not state a cause of action, then additional allegations by defendants as to why plaintiff's cause should not prevail or be considered are merely cumulative and surplusage and do not constitute material issues of fact.

This court, speaking through Mr. Justice Johnson, in Deming Investment Co. v. Reed, 72 Okla. 112, 179 Pac. 35, said:

"When a motion for judgment upon the pleadings is filed by either party to the action. the effect is that it searches the entire record and relates back to and tests the sufficiency of the original petition filed by plaintiff and seeks a judgment of the court in favor of either party that the court may find to be entitled thereto."

See C. E. Sharp Lbr. Co. v. Kansas Ice Co. et al., 42 Okla. 689. 142 Pac. 1016; Qualls Transfer Co. v. Merchants & Planters Nat. Bank, 88 Okla. 150, 212 Pac. 308; Broadwell v. Dirickson, 85 Okla. 241, 205 Pac. 751; Yeargain v. Sutter, 85 Okla. 41, 204 Pac. 122.

Having determined that the trial court did not err in the first step concerning the motion for judgment on the pleadings, we now look to the facts in review of the judgment for defendants below.

Unless by possession as a cotenant, under the facts before us, the deed of Louis Lynn Mathews to plaintiff in error was champertous, for section 1679, Compiled Oklahoma Statutes, 1921, provides as follows:

"Any person who buys or sells or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same or of the reversion and remainder thereof, or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise, or covenant made, is guilty of a misdemeanor. * * *"

In Huston v. Scott et al., 20 Okla. 142. 94 Pac. 512, it is said:

"A conveyance of land made in contravention of the provisions of section 2026, St. Okla. 1893, by the rightful owner is utterly void as against the person holding adversely claiming to be the owner thereof under color of title, but as between the parties and all the rest of the world it is good, and passes the grantor's title."

See. also, Powers et al. v. Van Dyke et al. 27 Okla. 27. 111 Pac. 939; Martin v. Cox et al., 31 Okla. 543, 122 Pac. 511.

In the last it was held not to be essential that defendants be in possession under color of title, it being sufficient if defendants were in possession adversely to plaintiff and his grantors. International Land Co. et al. v. Smith, 103 Okla. 101, 229 Pac. 601. The underlying policy being to protect bona fide occupants against vexatious litigation. 5 R. C. L. 280; Altemus v. Nickell (Ky.) 74 S. W. 221.

Under the facts affirmatively pleaded by plaintiff in his petition, we conclude that Lou's Lynn Mathews was a tenant in common with the other heirs of Frances Sharp, and as such possession of one was possession of all, and in order to defeat by champerty the assigned interest of Mathews there must be an ouster or disseisin of him. Hendricks v. Musgrove (Mo.) 81 S. W. 1265; Fuller v. Swensberg, 106 Mich. 305.

In Pope v. Matthis, 83 N. C. 169, the general rule is quoted as follows:

"An action by one tenant in common for partition is barred by seven years adverse possession by an alienee of the other tenant in common under deed purporting to convey the whole land." Morelock v. Bernard, 83 Tenn. 169.

In the case of De Leon v. McMurray (Tex. Civ. App.) 23 S. W. 1038, it was held that the recording of a deed conveying the whole estate from certain heirs was an express notice of repudiation of cotenancy as to other heirs. Yealock v. Yealock (Tex. Civ. App.) 141 S. W. 842; Steele v. Steele, 220 Ill. 318; Peeples v. Voykin et al. (Miss.) 96 South. 177; Sanford v. Sanford (Minn.) 109 N. W. 819; Gulf Red Cedar Lumber Co. v. Crenshaw (Ala.) 42 South. 564.

The recording of the deed as disclosed by the plead'ngs in the case at bar was notice to the world and constituted as between defendants in error and Louis Lynn Mathews an adverse possession. By the deeds, Mathews, the missing heir, was ousted from possession by the declaration of the other tenants in common contain~d in the deeds to the effect that each claimed adversely to him. Nelson v. Oberg (Kan.) 127 Pac. 767.

Sparks v. Rodensick, 72 Kan. 9, 82 Pac. 464, quotes as follows:

"A multitude of cases hold that, 'where one of several tenants in common executes a deed purporting to convey the entire premises to one who enters into possession thereunder claiming title, or recording his conveyance, this will constitute a disseisin of the cotenants.'" 1 Cyc. 1078; Scantlin v. Allison, 32 Kan. 376, 4 Pac. 618.

The recording of a deed to the property and continued actual possession of the premises in the collection of rents and profits by certain of the tenants in common, in our judgment, is sufficient notice to the missing tenant in common of an adverse claim, and actual notice is not indispensable. Possession as it was and exclusive ownership as claimed was open, notorious, and adverse. Carr v. Alexander (Tex. Civ. App.) 149 S. W. 218; Amyx v. Fetter et al. (Ky.) 262 S. W. 251; Hardy Oil Co. v. Burnham (Tex. Civ. App.) 124 S. W. 221; Keyser v. Brown (Ind. App.) 138 N. E. 514; Saucer v. Kremer (Mo.) 249 S. W. 640; 38 Cyc. 34.

We are inclined to our view as to constructive notice of an adverse possession herein by the fact that at no time did the tenants in possession acknowledge the right of the missing heir, and as we understand the rules relative to possession in cotenancy the underlying principle is that the law zealously guards the interest of one who is lulled into dependence by his confidence and then denounced. But in the case before us, at all times the heirs in possession maintained themselves to be the sole and only persons entitled to the estate. And there has never been any acknowledgment of Louis Lynn Mathew's cotenancy in the case. Roberts v. Decker (Wis.) 95 N. W. 519, citing Sydnor v. Palmer, 29 Wis. 249.

In Akley v. Bassett (Cal.) 209 Pac. 576, the rule is announced as follows:

"The rule is that when one enters avowedly as tenant in common with others, his possession is the possession of the others so long as the tenancy in common is not disclaimed. In such cases, to constitute the ouster there must be acts of the most open and notorious character, clearly giving notice to the world, and to all having occasion to observe the condition and occupancy of the property, that the intention is to exclude and does exclude the cotenant. The rule thus stated, however, has no application to a case where the possession of the person in question was neither avowedly begun as a tenant in common, nor instituted under a deed or instrument which defined his title as such. Bath v. Valdez, 70 Cal. 350, 358, 11 Pac. 724; Frick v. Simon, 75 Cal. 337. 17 Pac. 439, 7 Am. St. Rep. 177; Elder v. McClaskey, 70 Fed. 529, 538-540. 17 C. C. A. 251. * * *"

The missing heir. Mathews. grantor to plaintiff in error, neither by acknowledgment nor deed was an avowed tenant in common. but merely so as an heir to the estate. By the deeds and by the claims disclosed by the probate records and by actual possession under the deeds, the defendants in error ousted their cotenant, Mathews, of

his possession, and this is no privity between the possession of plaintiff in error and defendants in error. Therefore, we conclude the deed from Mathews to Hurie, plaintiff in error, is champertous and void as against the defendants in error under section 1679, Compiled Oklahoma Statutes, 1921.

The case of Caulk et al. v. Lowe et al., 74 Okla. 191, 178 Pac. 101, is relied upon by plaintiff in error in his contention that the probate proceedings are void, but we observe that in that case there was an application to the county court to set aside the proceedings, a direct proceeding. No effort of the kind is shown here. The cases are entirely different, as it is not shown here that an effort has been made by anyone to vacate the probate proceedings.

The allegations of facts necessary for this conclusion were pleaded in the petition before the lower court, and it follows that the learned trial court did not err in rendering judment on the pleadings against the plaintiff and in favor of the defendants, and we affirm the judgment rendered.

NICHOLSON C. J., BRANSON, V. C. J., and HARRISON, MASON, LESTER, HUNT, and CLARK, JJ., concur.

PHELPS, J., absent, not participating.

Note.—See under (1) 31 Cyc. p. 606; 21 R. C. L. p. 594. (2) 11 C. J. p. 272 §107; 5 R. C. L. p. 280; 1 R. C. L. Supp. p. 1357; 5 R. C. L. p. 277.