**A. J. NORD et al., Appellants,**

v.

**Marvin Madison McILROY, Appellee.**

**No. 16934.**

United States Court of Appeals
Ninth Circuit.

Aug. 23, 1961.

Rehearing Denied Oct. 14, 1961.

Thomas R. Davis, Bakersfield, Cal., for appellants.

Lerrigo, Thuesen, Thompson & Thompson, by Eckhart A. Thompson, Fresno, Cal., for appellee.

Before HAMLIN and JERTBERG, Circuit Judges, and ROSS, District Judge.

ROSS, District Judge.

## I. Background

In 1933, one C. R. Bell gave to the Continental National Bank of Chicago, Illinois a deed to a one-half undivided interest in certain real property situate in Kern County, California. Although there is a dispute between the parties herein as to whether the conveyance was intended to be absolute or only of a security interest, the referee has found that the deed to the bank was by way of security only. In 1946, appellee herein acquired the other undivided one-half interest in the property and from that date remained in exclusive possession of the premises. In 1956, the bank conveyed its interest by quitclaim deed to A. J. Nord, one of appellants herein.

In January, 1958, appellee filed a petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. Appellee then filed petitions for orders to show cause, alleging that appellants claimed to own an interest in the property in question. The orders to show cause were granted, and appellants filed answers. Appellants A. J. Nord and his wife claimed an undivided one-half interest as tenants in common with appellee, and appellant J. J. Nord asserted various liens. Hearings before the referee were held on April 8, April 25 and May 23, 1958. On April 22, 1958, however, appellee filed a document denominated a "response" to the answer of A. J. Nord and his wife. In this so-called "response" appellee asserted that the Nords held whatever in-

terest they may have had as constructive trustees for appellee.

On August 11, 1959, the referee found that none of appellants had any right, title or interest in and to the property in question, except that J. J. Nord had a note secured by a deed of trust on said property in the sum of $6,000 plus interest. A reading of the referee's order indicates that he held for the appellee for two basic and alternative reasons, namely, that appellants were constructive trustees for appellee and that appellee had acquired title to the disputed one-half interest by adverse possession.

On April 20, 1960, the District Court affirmed the referee's order on the theory that appellee had obtained title by adverse possession. We have jurisdiction over the appeal from that order by virtue of 11 U.S.C.A. § 47.

## II. Procedural Issues

■■ Appellants complain that the theory of the District Court in affirming the referee, i. e., that appellee had gained title to the property to the exclusion of appellants by adverse possession, was not pleaded either in the petitions for orders to show cause or in the "response" mentioned above. We are aware of no rule relating to bankruptcy procedure, and appellants have cited none, which requires a party to specify the grounds on which he bases his claim to title to property. The Federal Rules of Civil Procedure would seem to govern a question such as the one posed here, Bankruptcy General Order 37, 11 U.S.C.A. following section 53, and, as has been stated by eminent authority, "the Federal Rules have done away with the narrow 'theory of the pleadings' doctrine." 2 Moore, Federal Practice, para. 8.14, p. 1656 (2d ed., 1960). See, in this connection, Rambo v. United States, D.C.N.D.Ga. 1941, 2 F.R.D. 200, 201, where, in an action for partition of lands, the court held that as long as the plaintiffs alleged that they owned the lands in question, it was not necessary to allege how they acquired title, for "that may be shown by the evidence." Furthermore, it cannot be contended that appellee was *required* to file a responsive pleading to appellants' answers to the order to show cause. See Rule 7(a), Fed.R.Civ.Proc., 28 U.S.C.A.

■ We hold, then, that there is no merit to appellants' contention that the theory of adverse possession should have been pleaded by the appellee.

■ Also, we find no merit to appellants' contentions that the referee erred in certain rulings on the evidence. Quite aside from the fact that the rulings, even as an abstract matter, would seem to be proper, they do not affect the outcome of this case in that they had no relation to the facts and principles which justify our affirmance of the judgment below. Accordingly, the alleged error, if any, did not affect the substantial rights of appellants and, therefore, is not ground for reversal. Rule 61, Fed.R.Civ.Proc.

## III. Substantive Issues

### A. *The interest of A. J. Nord and his wife.*

Inasmuch as the District Court affirmed the referee on the theory that appellee had gained title by adverse possession, we shall limit our inquiry to whether or not there was sufficient evidence to support that theory. We need not consider the referee's alternative theory of the existence of a constructive trust.

■ Whether or not appellee obtained title by adverse possession must, of course, be determined with reference to California law. The parties seem to agree that California requires that the adverse possessor establish that for five years he was in actual possession of the land, that his possession was open, notorious and hostile or adverse to the title of the true owner, that he has made substantial improvements on the land, and that he has paid taxes assessed on the land. See California Code of Civil Procedure sec. 325; 2 Cal.Jur.2d, Adverse Possession, secs. 32 et seq. We do not understand appellants seriously to deny that appellee was in actual possession of the land for the requisite five year period and that

he made substantial improvements; nor, could they, for the record is abundant with proof that those elements were established. Therefore, we shall consider three primary questions. First, was appellee's possession adverse to that of his cotenant? Second, were appellee's actions of such a nature as to constitute adequate notice to his cotenant that he intended to occupy the land to the exclusion of others? Third, did appellee pay the taxes as required by statute? We shall discuss the first two questions together, inasmuch as the evidence relevant to one is, likewise, relevant to the other.

■ To begin with, we cannot accept appellants' contention that a cotenant out of possession must have actual knowledge of the intent of the cotenant in possession to hold adversely and exclusively. The California cases have clearly established the proposition that constructive notice of adverse possession is sufficient. West v. Evans, 1946, 29 Cal.2d 414, 175 P.2d 219, 221; Feliz v. Feliz, 1894, 105 Cal. 1, 38 P. 521, 522; Winterburn v. Chambers, 1891, 91 Cal. 170, 27 P. 658, 660.

■■ The question, then, is whether there was sufficient evidence from which the District Court could conclude that appellee's possession was adverse and that "a person, ordinarily attentive to his interests, in the position of the co-tenant, would have notice of the adverse claim * * *." Oglesby v. Hollister, 1888, 76 Cal. 136, 18 P. 146, 149. These are questions of fact, Oglesby v. Hollister, supra, 18 P. at pages 148–149, and the findings by the referee which were adopted by the District Court are presumptively correct and will not be set aside unless clearly erroneous. Rule 52(a), Fed.R.Civ.Proc.; Hudson v. Wylie, 9 Cir., 1957, 242 F.2d 435, 450. Furthermore, we must take the evidence in the light most favorable to appellee. Turner v. Bass, 9 Cir., 1959, 267 F.2d 308, 309.

■ Without engaging in an extensive summary of the evidence, we note that appellee entered upon the property in 1946, remained in exclusive possession thereof, made improvements of a value in excess of $40,000, paid taxes which were assessed while he was in possession, redeemed the property from a tax sale threatened prior to his possession, repeatedly executed crop mortgages on the land, filed a declaration of homestead on the entire property, rented the land for farming by others, and at no time ever accounted either to the Bell estate, the bank or appellants for the profits received from the land. Although these facts, considered separately, may not have been sufficient to establish an adverse holding, we are of the opinion that, taken together, they not only evidenced a possession hostile to any cotenant but amounted to notice to all who may have been interested in the premises. This conclusion is supported by consideration of the following California cases. Akley v. Bassett, 1922, 189 Cal. 625, 209 P. 576, 582; Feliz v. Feliz, 1894, 105 Cal. 1, 38 P. 521, 522; Oglesby v. Hollister, 1888, 76 Cal. 136, 18 P. 146, 149; Smith v. Barrick, 1919, 41 Cal.App. 28, 182 P. 56, 58.

■ Appellants, however, contend that since appellee attempted to purchase from the bank whatever outstanding title it may have had, that that fact demonstrates that appellee was not holding adversely to his cotenant. To begin with, we note that the referee held that the bank only possessed a security interest in the property, as distinguished from an interest in the fee, and since we cannot conclude that this finding was clearly erroneous, we must, under the principles we have previously enunciated, accept it. Furthermore, we are satisfied, after a careful review of the record, that appellee was only trying to clear his title of the cloud created by the bank's security interest. Under California law, this is only "very slight evidence" of intent not to hold adversely, and it will not overcome the clear weight of the evidence to the contrary. Frick v. Sinon, 1888, 75 Cal. 337, 17 P. 439, 441. The California courts have made it perfectly clear that an adverse possessor does not lose the benefit of the statute of limitations because he has attempted to buy his peace by acquiring any outstanding title. By

doing so, he does not necessarily admit title in another, for he has a right to quiet his possession and protect himself from litigation in any lawful mode that appears to him most advantageous or desirable. Cannon v. Stockmon, 1869, 36 Cal. 535, 538–539; Furlong v. Cooney, 1887, 72 Cal. 322, 14 P. 12, 15.

We conclude, therefore, that appellee did hold the property in question adversely to all other possible claimants and that his intent to so hold was sufficiently manifested to constitute the requisite notice to others.

Appellants, none too strenuously, object that appellee did not pay taxes for the five year period contemplated by California Code of Civil Procedure, sec. 325. It appears from the testimony of a witness for appellants that appellee paid taxes from 1946 through 1948. Then, taxes were delinquent from 1949 through 1952. Pursuant to a plan of redemption, taxes for three of those years were paid by appellee, but the *balance* still due was paid by appellant A. J. Nord. Since Mr. Nord paid what is designated in the record as the "balance," we take it that appellee's redemption of three-year's taxes is attributable to the years 1949 through 1951. Appellee, therefore, may be said to have paid taxes for the six-year period commencing in 1946 and ending in 1951, for a redemption by one still in possession of land constitutes a payment of taxes within the meaning of the California statute. Owsley v. Matson, 1909, 156 Cal. 401, 104 P. 983, 985. It is immaterial that appellee may not have paid taxes for any period of time after he had acquired title by adverse possession by complying with the statutory requirements for five years, for the five-year period contemplated by the statute need not be immediately preceding the commencement of any law suit, Southern Pacific R. R. Co. v. Whitaker, 1895, 109 Cal. 268, 41 P. 1083, 1085; Webber v. Clarke, 1887, 74 Cal. 11, 15 P. 431, 436, and once title by adverse possession has been obtained, it may not be

divested by failure to pay subsequent taxes. Ibid.

We are of the opinion that the referee and the District Court were correct in concluding that appellee had acquired title to the entire parcel in dispute by adverse possession.

### B. The interest of J. J. Nord.

Finally, we deal with the contention of appellant J. J. Nord that it was error for the referee and the District Court not to allow his claim that he held a valid attachment lien on the property in question in the sum of $5,597.52 and a chattel mortgage on the equipment of the appellee in the sum of $5,243.18. The referee found that the sums which had thus been owing to appellant J. J. Nord were paid and satisfied by virtue of an agreement entered into by and between said appellant and appellee's former wife, whereby she transferred to said appellant a one-fourth interest in certain property in exchange for cancellation of the indebtedness. Since there was evidence to support this finding, we must, under principles previously reiterated in this opinion, accept it. Appellant, however, argues that the basis of the decision was fraud which he allegedly committed against appellee, and that appellee has failed to comply with Rule 9(b), Fed.R. Civ.Proc., which requires that pleadings shall state with particularity the circumstances which constitute fraud. Although it may be that appellee presented his case to the referee on a theory of fraud, it is equally clear, both from the referee's opinion and his comments during the hearing, that his finding against appellant J. J. Nord was based simply on the doctrine of absence of consideration.

### IV. Conclusion

Since there was no error in the findings below that appellee had obtained title to the disputed property by adverse possession and that the attachment lien and chattel mortgage of appellant J. J. Nord were invalid, the judgment will be affirmed.