Tommy Gene SESSIONS, Administrator of the Estate of Kenneth E. Sessions, Plaintiff-Appellant,

v.

CHRYSLER CORPORATION, a Delaware Corporation, Defendant-Appellee.

No. 74–1297.

United States Court of Appeals, Ninth Circuit.

June 3, 1975.

Gordon M. Emanuel, Beverly Hills, Cal., for plaintiff-appellant.

John M. Rochefort, Los Angeles, Cal., for defendant-appellee.

## OPINION

Before WRIGHT and SNEED, Circuit Judges, and POWELL,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Appellant sued Chrysler in state court in California, alleging breach of contract. Six individual defendants were joined. Chrysler successfully petitioned for removal. After a year had passed, the district court, upon Chrysler's motion, dismissed for failure to prosecute.

We see the major issue to be whether the district court had jurisdiction. Appellant asserts that there was no diversity because the individual defendants were, by all appearances, citizens of California as was he. Chrysler responds that the individual defendants were fraudulently joined for the purpose of defeating the diversity existing between it and appellant.

The basis for the action was a contract between Sessions and Chrysler, whereby Sessions was to sell Chrysler products on a non-exclusive basis in a specified area. Read broadly, the complaint alleges that Chrysler and the six individual defendants established a competing business and allowed it to undersell Sessions, in violation of an implied contractual covenant of fair dealing.

Chrysler argues that, since it was the only signatory other than appellant to the contract in question, it alone, and not the individual defendants joined in this action, may be liable to Sessions for any breach. This view is supported by California law. See Gold v. Gibbons, 178 Cal.App.2d 517, 3 Cal.Rptr. 117 (1960).

This does not end the matter, however. Appellant's claim, when judged by the standards for dismissal under the Federal Rules, could well be read to state a cause of action in tort against the individual defendants not signatories to the contract. Assuming that Chrysler was bound to deal fairly with Sessions despite the non-exclusivity provisions in its agreement with him, the complaint could be taken as asserting that the named individual employees (and Whitney, then a former employee) of Chrysler, possibly acting at the company's behest, tortiously interfered with that contractual relationship to appellant's detriment. See generally B. Witkin, Summary of California Law, Torts § 384 (8th ed. 1974), at 2636.

The fact that appellant mislabeled his cause of action against the in-

*Senior District Judge, Eastern District of Washington.

dividual defendants is irrelevant, so long as he was entitled to relief against them on any theory. Nord v. McIlroy, 296 F.2d 12 (9th Cir. 1961); 2A J. Moore, Federal Practice, ¶ 8.14 (2d ed. 1972); C. Wright, Federal Courts, § 68, at 285 (2d ed. 1970).

 Inasmuch as appellant's case against the individual defendants was sufficient to withstand a dismissal motion under Fed.R.Civ.P. 12(b)(6), the joinder of claims against them was not fraudulent so as to warrant dismissal on that score. See 1A J. Moore, Federal Practice, ¶ 0.161(2), at 210–212.

Chrysler also urges, however, that even if the individual defendants were properly joined, the action against it is "separate and independent" from the claim against the other defendants, and hence removable under 28 U.S.C. § 1441 at its option. See American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). This contention also fails. We have held that the fact that both contract and tort actions are combined in one suit does not warrant removal, if the two suits grow out of the same wrong, and no more than a single recovery would be allowed no matter which of the defendants was found liable. Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174 (9th Cir. 1969). Compare Gallagher v. Continental Insur. Co., 502 F.2d 827 (10th Cir. 1974) (removal allowed, where two different recoveries were possible for two distinct alleged wrongs).

Since Sessions' complaint adequately set out, against both Chrysler and individual defendants, valid claims growing out of a single wrong and sought a single recovery for losses growing out of that wrong, the court was obliged to consider whether there was complete diversity. The potential absence of such diversity is jurisdictional, and must be considered on the motion of either party or on the court's own motion. See Mansfield, Coldwater & Lake Michigan Ry. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884).

While there is material in the record from which one could conclude that certain of the individual defendants are California citizens, the matter is formally in dispute, as Sessions alleged and Chrysler denied (or pleaded lack of information, in the case of one defendant) that they were citizens of California. The determination as to citizenship should be made by the district court in the first instance. The matter is remanded to the district court to determine the citizenship of the individual defendants and take appropriate action on appellant's motion to return the case to the state courts.

It is so ordered.