**AWARD PETROLEUM,
INCORPORATED,
Plaintiff,**

**v.**

**VANTAGE PETROLEUM CORP., et
al., Defendants.**

**BUSY BEE OIL COMPANY,
INC., Plaintiff,**

**v.**

**VANTAGE PETROLEUM CORP., et
al., Defendants.**

**Nos. 79 C 1467, 79 C 2079.**

United States District Court,
E. D. New York.

Dec. 16, 1981.

---

Nydick & Ross, Melville, N. Y., and Collier, Shannon, Rill & Scott, Washington, D. C., for plaintiff; Ira Nydick, Melville, N. Y., and Mark L. Austrian, John B. Williams and Lenore S. Ostrowsky, Washington, D. C., of counsel.

Von Nostrand & Martin, Amityville, N. Y., and Dunaway, McCarthy & Dye, P. C., Washington, D. C., for defendant; William C. Morrell, Amityville, N. Y., and Mac S. Dunaway, Kenneth G. Hurwitz and Gary E. Cross, Washington, D. C., of counsel.

*Memorandum of Decision and Order*

MISHLER, District Judge.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant Iorizzo moves for summary judgment, or in the alternative, Iorizzo seeks an order dismissing the Amended Complaint filed by Busy Bee Oil Company ("Busy Bee"), 79 C 2079, and the Second Amended Complaint filed by Award Petroleum, Inc. ("Award"), 79 C 1467. Plaintiffs cross-move under Rule 56(f) to defer consideration pending completion of necessary discovery.[1]

The actions are based on claims of violations of the Federal Mandatory Petroleum Price and Allocation Regulations, 10 C.F.R. Parts 210–212, promulgated pursuant to Section 4 of the Emergency Petroleum Allocation Act of 1973 ("EPAA"), as amended, 15 U.S.C. § 753. Claims are also stated under the Robinson Patman Act, 15 U.S.C. § 13(a), and the Clayton Act, 15 U.S.C. §§ 15 and 26.[2]

■ With respect to the defendants' claim of insufficiency, the specific references to Iorizzo in the respective complaints are found in paragraphs 7, 9 and 10 as follows:

"7. Defendant Lawrence S. Iorizzo is the President of Vantage Petroleum Corporation. Mr. Iorizzo resides at 64 Beaumont Drive, Huntington Hills, New York 11746."

"9. ... Upon information and belief, PCI, Salan Oil, Salan Management and Vantage N.J. are owned and/or controlled by defendant Vantage and defendant Iorizzo."

"10. Defendant Iorizzo, Vantage PCI, Salan Oil, Salan Management and Vantage N.J. constitute a single 'firm' for the purpose of the regulations. 10 C.F.R. § 211.51."

However, the specific references to Iorizzo do not constitute the lone allegations made against him. The complaint states numerous allegations of violations of the regulations by "defendants". Thus, Iorizzo is charged together with the other defendants.

Defendants challenge the sufficiency of plaintiffs' respective complaints because of the scant specific reference to Iorizzo. In that regard, construing the complaints in the light most favorable to the respective plaintiffs, we find to the contrary. *Thomas W. Garland, Inc. v. City of St. Louis,* 596 F.2d 784, 787 (8th Cir.), *cert. denied,* 444

---

1. The actions were consolidated for the purpose of pre-trial proceedings by an order dated February 7, 1980.

2. Defendant's memorandum in support of the motion indicates that he is advised by plaintiff's counsel that the anti-trust claims will be discontinued.

U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979); *Sessions v. Chrysler Corp.*, 517 F.2d 759, 760–61 (9th Cir. 1975).

We now turn to defendants' motions for summary judgment. The motion rests on the theory that so long as Iorizzo's participation in the alleged violations were within the scope of his authority as president of the companies charged, he is immunized against personal liability. For this proposition, Iorizzo relies upon *Port Chester Electric Construction Corp. v. Atlas*, 40 N.Y.2d 652, 389 N.Y.S.2d 327, 357 N.E.2d 983 (1976), and *Gartner v. Snyder*, 607 F.2d 582 (2d Cir. 1979).[3] *Port Chester* was an action by a subcontractor who had obtained a money judgment against a corporation for work, labor, services, and material wherein plaintiff sought a declaration of personal liability against the corporation's principal. In *Gartner*, the action was brought against an individual who controlled a corporation which had breached a contract entered into with plaintiff.[4] Based on the limited showing by plaintiffs, the aforementioned cases are distinguishable.

■ On a motion for summary judgment, in order for the movant to prevail, he has the burden of showing that no material facts are in dispute. The court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought. . . ." *Heyman v. Commerce and Industry Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975) (citation omitted). Defendant has failed to sustain his burden. Issues of material fact remain to be resolved at a trial on the merits.

Plaintiffs show that Island Aircraft, a partnership in which Iorizzo was a 50 percent owner, supplied gasoline to plaintiffs. Iorizzo and his wife Cheryl owned all the issued stock of Vantage Petroleum ("Vantage"). Vantage was also a supplier of gasoline to plaintiffs.

Both Iorizzo and his wife constituted all the officers and directors of Vantage. Iorizzo borrowed substantial sums from Vantage and guaranteed its obligations. Plaintiffs offer proof that Iorizzo, on at least one occasion, received payment personally by check for gasoline sold by Vantage. Since personal liability may be imposed on the sole owner of a corporation who uses it only as a vehicle of convenience for transactions which in fact are personal, *see Weisser v. Mursam Shoe Corp.*, 127 F.2d 344, 347 (2d Cir. 1942); *C.A.B. v. Scottish-American Ass'n., Inc.*, 411 F.Supp. 883, 887 (E.D.N.Y.1976), a fact question is presented new paragraph as to whether Iorizzo used the corporation in such a manner so as to deprive him of the defense he seeks to assert.

■ Personal liability may also be proven under an alternate theory. The statute provides for individual liability in the form of civil penalties against "[a]ny individual director, officer, or agent of a corporation who knowingly and willfully authorizes, orders or performs any of the acts or practices constituting violations of [Section 452(2) of the EPAA. . . ."] 15 U.S.C. § 754(a)(4). It would be anomalous to find that an individual director or officer of a corporation, who is subject to civil and criminal penalties for knowing and willful violations of the EPAA, is not vulnerable to liability arising out of a private enforcement and damages action brought pursuant to Sections 210 and 211 of the Economic Stabilization Act of 1970 (the "Act"), 12 U.S.C. § 1904 (Note). Section 210 authorizes the district court to fashion "appropriate relief." Read in conjunction with Section 452(2) of the EPAA, we find that plaintiffs may establish Iorizzo's personal liability for a violation of the regulations promulgated pursuant to the EPAA upon a showing of his personal participation in the alleged violations. *See Citronelle-*

---

3. The court in *Port Chester* restated what is hornbook law:

    "The fact that [defendant] was the controlling principal of these corporations is, by itself, insufficient to justify disregarding the corporate form." *Id.* at 658, 389 N.Y.S.2d at 331, 357 N.E.2d at 986.

4. The court, interpreting New York law, held "We know of no New York authority that disregards corporate form solely because of inadequate capitalization." 607 F.2d at 588.

*Mobile Gathering, Inc. v. O'Leary,* 499 F.Supp. 871, 881 (S.D.Ala.1980) (appeal pending). *Cf. Phelps Dodge Refining Corp. v. Federal Trade Commission,* 139 F.2d 393, 397 (2d Cir. 1943) (antitrust violations); *Higbie v. Kopy-Kat, Inc.,* 391 F.Supp. 808, 810 (E.D.Pa.1975) (antitrust violations).

Defendants' motion for summary judgment is denied. Plaintiffs' cross-motion to defer consideration of defendants' motion pending further discovery is denied as moot.

SO ORDERED.