MOORE v. SLADE et al.

No. 31311. April 18, 1944.

*147 P. 2d 1006.*

144

L. W. Randolph, of Muskogee, for plaintiff in error.

W. O. Rittenhouse, of Wagoner, for defendants in error.

OSBORN, J. This is an appeal from a judgment of the district court of Wagoner county, wherein the plaintiffs, Perry F. Slade, J. B. Motter, C. B. Farish, and W. W. Wheeler, Jr., trustees, brought an action against the defendant, Lake Moore, to quiet title to certain lands located in Wagoner county, and denying that the defendant had any right, title, or interest in same, and asking for cancellation of defendant's deed through which he claimed, and to quiet title. The defendant answered by cross-petition, denying ownership in the plaintiffs and alleging that the defendant is the owner of an undivided one-fourth interest in the lands, and asked for partition of same. Plaintiffs filed their reply and the cause was tried to the court resulting in judgment for plaintiffs, from which defendant has appealed. The parties will be referred to as they appeared in the trial court.

The pleadings show that the land in controversy was allotted to George W. Walker, a full-blood Creek Indian, who died on or about the year 1900, and that patents were issued thereafter to his heirs consisting of five children. On April 22, 1910, three of the heirs, including Eddie Walker, executed deeds to their separate interests in the land, and shortly thereafter the other two heirs conveyed their interest to the same grantee, all of which were duly approved by the county court. At the time of the execution of the deed by Eddie Walker, he lacked about seven months being 21 years of age. The purchaser went into possession and through various conveyances the plaintiffs acquired title to the land on January 30, 1923, and they allege that he has been in open, notorious, peaceable, and continuous adverse possession of the lands since said purchase up to the commencement of this action on April 15, 1941, and received the rents and profits therefrom and paid all of the taxes thereon since 1919.

On December 27, 1922, more than twelve years after executing his first deed to his interest in the land, Eddie Walker executed a deed to Lake Moore purporting to convey his one-fifth interest in the lands, which deed was approved by the county court.

The defendant admits that the only issue involved is whether or not plaintiffs, by adverse possession, acquired title to the undivided interest in the real estate inherited by Eddie Walker.

The defendant contends that after all of the heirs executed a deed to the land to B. O. Sims, his possession was merely that of a tenant in common with Eddie Walker, and that he was in the same position as though he had taken no deed from Eddie Walker. This contention is based upon the fact that Eddie Walker being a full-blood Indian, his deed was void, he being under legal age when the deed was executed. The question here presented does not depend upon whether or not the deed by Eddie Walker, executed April 22, 1910, was void. There is no dispute as to the fact that the last deed by Eddie Walker to the defendant was executed December 27, 1922, which was 18 years, three months, and 18 days prior to the bringing of this suit.

The defendant denies adverse possession on the part of the plaintiffs and their grantors. The defendant cites in support of his contention the case of Keeler v. McNeir, 184 Okla. 244, 86 P. 2d 1004. In that case the allottee died leaving a brother and a sister as sole heirs. The brother entered into possession of the land, fully recognizing his sister as a tenant in common. The son conveyed his interest to Brent, the deed expressly stating his interest to be an undivided one-half interest. Brent and the sister, Agnes McNeir, were tenants in common and so recognized, Brent being a tenant in common in possession and Agnes McNeir a tenant in common out of possession. Brent died and the administrator of his estate sold the land to Keeler, the deed reciting that it conveyed "all the right, title, interest and estate of said H. M. Brent, deceased." The record did not show that Brent ever publicly held out that he was the owner of the entire interest to the exclusion of the other recognized tenant in common, and the court so held. This court held:

"The mere possession of a tenant in common, no matter how full and complete, does not operate as an ouster of his cotenant, nor amount to adverse possession as against the claim of his cotenant. There must be something to show a denial or repudiation of his cotenant's rights, or the possession will be deemed to be held in subordination to the rights of the cotenant."

This court quoted with approval from Baldridge v. Caulk, 110 Okla. 185, 237 P. 453, as follows:

" 'The possession by one common tenant where lands are owned by tenants in common, must be referred to the common title, and, in order to set in motion the statute of limitations, sufficient facts must appear to disclose a repudiation of the title of the cotenants. In the absence of such repudiation of the title of the cotenants, possession will not be deemed adverse to the common title.' "

In the case of Keeler v. McNeir, supra, this court was dealing with recognized tenants in common so long as Brent lived, and when his interest was sold by the administrator the deed did not purport to convey the entire interest in the land and the other tenant in common had never executed any deed to her interest, and this court held that no adverse possession existed.

In Wirick v. Nance, 178 Okla. 180, 62 P. 2d 997, this court held:

"While the mere possession of land by one tenant in common does not usually amount to an ouster of his cotenant, or to adverse possession as against the claim of his cotenant, and is usually deemed a possession in subordination to the rights of the cotenant, yet the circumstances of the entry and possession may be sufficient to show, by clear and convincing proof, a denial or repudiation of his cotenant's rights so as to constitute adverse possession.

"A possession of real estate which is open, visible, continuous, and exclusive, with a claim of ownership such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants, is an adverse possession."

In International Land Co. v. Smith, 103 Okla. 101, 229 P. 601, this court quoted with approval from Fuller v. Swensberg, 106 Mich. 305, 64 N. W. 463, 58 Am. St. Rep. 481, wherein that court held:

" 'An entry under a quitclaim deed purporting to convey the whole premises, though the grantor owned but a moiety, followed by the exclusive possession of the property, may constitute an ouster of the cotenants of the grantor, and result in a prescriptive title in favor of the possessor.

" 'If a person enters into the possession of real property under a conveyance purporting to be of the entirety, cotenants of the grantor must regard such possession as adverse to them from the time they have actual notice thereof, or from the time when, as prudent men reasonably attentive to their own business, they ought to have known that the cotenant in possession was asserting an exclusive right to the land.' "

In Reinhart & Donovan Co. v. Missouri-Kansas-Texas R. Co., 187 Okla. 661, 105 P. 2d 541, this court held:

"A possession, to be adverse, must be open, visible, continuous, and exclusive, with a claim of ownership, such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants."

Eddie Walker executed his deed showing a conveyance of his entire interest in the property in question and exercised no claim in the property for more than twelve years, when he executed a deed to defendant, Lake Moore. The record does not show that the original grantee from the heirs of George W. Walker or his successors, the plaintiffs herein, ever had any knowledge of the fact that Eddie Walker was not of legal age when he executed his deed on April 22, 1910. Neither does the record show that the present owners had any knowledge of the execution of the deed by Eddie Walker to defendant until more than 15 years after the execution of the deed. The record does not show that the defendant made it known to the plaintiffs or anyone else that he claimed an interest in the property or demanded any portion of the rents and profits therefrom, or offered to pay any part of the taxes due thereon. The plaintiffs and their grantors have been in open, notorious, peacable, and continuous adverse possession of the property through their tenants for more than 15 years, claiming title thereto, prior to the filing of this action.

Affirmed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur.