RECORDS et al. v. MILES et ux.

No. 33071.    March 23, 1948.

*191 P. 2d 918.*

Falkenstine & Fisher, of Watonga, and A. O. Manning, of Fairview, for plaintiffs in error.

Simons, Simons, Mitchell & Headrick and Cecil E. Munn, all of Enid, and John Butler, of Fairview, for defendants in error.

DAVISON, V.C.J. This is a suit, commenced in July, 1945, to quiet title to a 160-acre tract of land in Major county, Oklahoma, wherein the defendants, by cross-petition, seek to quiet their alleged title to undivided interests therein, to have the property partitioned, and to obtain an accounting, by plaintiffs, of rents and profits received therefrom.

On August 5, 1925, while the owner of the above described real estate, constituting his homestead, Harry A. Evans died, leaving as his sole heirs his widow, five children, and the issue of two predeceased children. He left a will devising all of his property to his widow, making no mention of his children or grandchildren other than having perfect confidence that she will suitably provide for our children."

The will was admitted to probate and the widow was appointed executrix in which capacity she served until her discharge at the time of the making of the final order of distribution, February 10, 1926. Under said order the property involved herein had been distributed to her in fee-simple absolute. She continued to occupy the property for several years and then rented it out to tenants. In 1930, she conveyed it by warranty deed, which was recorded April 10, 1930, to one of her daughters, Josie Miles, and her husband, Cecil Miles, the plaintiffs herein. They immediately took possession and from that time until the filing of this suit remained in continuous possession, either personally or by tenants. They paid the taxes, paid off a mortgage on the land and one on the crops, built additions onto the buildings and collected and appropriated all rents and income. About a year before this action was filed, the widow was unsuccessful in a lawsuit brought by her to have the

court decree the plaintiffs to be holding the title in trust for her.

In order to comply with title requirements made by a prospective purchaser, plaintiffs brought this suit to quiet title. The defendants, appearing in the trial court and joining in the petition in error herein, were three of the children of the decedent and the issue of the two deceased children. Judgment was for plaintiffs, quieting their title and denying defendants any relief under their cross-petition, from which this appeal has been perfected.

The contentions of the defendants were that they were pretermitted children and grandchildren of the decedent and as such were entitled to their respective undivided interests in the property to the same extent as though their forebearer had died intestate; that the order of distribution was void because the service of notice of hearing petition for probate of the will, and the notice of hearing the petition for distribution and service thereof, were not sufficient to give the probate court jurisdiction to make said order; and that the possession of plaintiffs and their grantor was not adverse to the title of defendants and therefore could not be the foundation of a prescriptive title in them.

Our determination of this last proposition makes it unnecessary to discuss the others. Defendants argue that the possession of plaintiffs and their grantor was that of cotenants and as life tenant and, consequently, should be deemed to be held in subordination to the rights of the defendants. They rely upon the rule of law as stated in the case of Keeler v. McNeir et al., 184 Okla. 244, 86 P. 2d 1004, that the mere possession of a tenant in common, regardless of how full and complete, does not constitute an ouster of his cotenant nor amount to adverse possession as against the cotenant's title. But that rule is not applicable to the case at bar.

Here there was, at no time, a possession by the plaintiffs as cotenants nor as the owners of anything less than the entire fee. The property had been devised entirely to decedent's widow and, by the probate court, distributed to her in toto. By warranty deed, she had conveyed a fee-simple title to plaintiffs and that deed had been on record more than 15 years before the commencement of this action. They went into possession, paid all taxes, and discharged all liens, appropriated all the income and made different repairs and improvements. All their acts were indicative of complete ownership. Their possession was for a period of more than 15 years before the filing of this case. The validity of the decree of distribution would be unimportant insofar as its bearing on the question of adverse possession, serving only as color of title.

In the case of Akley v. Bassett, 189 Cal. 625, 209 P. 576, the owner of a life estate conveyed the property by deed purporting to convey a fee-simple title. The grantee went into possession and exercised dominion over the lands to about the same extent as the plaintiffs in the instant case. In the body of the opinion, the court said:

"The rule is that when one enters avowedly as tenant in common with others, his possession is the possession of the others, so long as the tenancy in common is not disclaimed. In such cases, to constitute the ouster there must be acts of the most open and notorious character, clearly giving notice to the world, and to all having occasion to observe the condition and occupancy of the property, that the intention is to exclude, and does exclude the cotenant. The rule thus stated, however, has no application to a case where the possession of the person in question was neither avowedly begun as a tenant in common, nor instituted under a deed or instrument which defined his title as such. Bath v. Valdez, 70 Cal. 350, 358, 11 P. 724; Frick v. Sinon, 75 Cal. 337, 339, 17 P. 439, 7 Am. St. Rep. 177; Elder v. McClaskey, 70 Fed. 529, 538-540, 17 C.C.A. 251. . . ."

This same quotation was approved by this court in the case of Hurie v.

64

Quigg, 121 Okla. 80, 247 P. 677. In this latter case, the owner of the property died intestate leaving four heirs, one being absent and the other three claiming to be the sole heirs. The estate was administered and distributed to the three. The grantee of the absent heir brought suit and, upon a question of champerty and maintenance, the point at issue was whether or not the three distributee heirs possessed the lands adversely to the absent heir. In the opinion the following language was used:

"The recording of a deed to the property and continued actual possession of the premises in the collection of rents and profits by certain of the tenants in common in our judgment is sufficient notice to the missing tenant in common of an adverse claim, and actual notice is not indispensable. Possession as it was and exclusive ownership as claimed was open, notorious, and adverse. . . .

"We are inclined to our view as to constructive notice of an adverse possession herein, by the fact that at no time did the tenants in possession acknowledge the right of the missing heir, and, as we understand the rules relative to possession and cotenancy, the underlying principle is that the law zealously guards the interest of one who is lulled into dependence by his confidence and then denounced. But, in the case before us, at all times the heirs in possession maintained themselves to be the sole, and only persons entitled to the estate, and there has never been any acknowledgment of Louis Lynn Mathews' cotenancy in the case. . . ."

Sustaining this interpretation of the law are the cases of Wirick et al. v. Nance, 178 Okla. 180, 62 P. 2d 997, and Moore v. Slade et al., 194 Okla. 143, 147 P. 2d 1006.

This being a suit in equity, the judgment of the trial court will not be reversed unless against the clear weight of the evidence. The record clearly supports the proposition that plaintiffs' possession was actual, open, exclusive, notorious, adverse and under color of title from April 10, 1930, the date of recording the deed, which was more than the length of time necessary for a title by prescription.

The judgment is affirmed.

HURST, C.J., and BAYLESS, WELCH, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.