**PAN MUTUAL ROYALTIES, a Trust Estate, Plaintiff in Error,**

v.

**Delbert WILLIAMS, Defendant in Error.**

**No. 39111.**

Supreme Court of Oklahoma.

June 20, 1961.

Rehearing Denied Oct. 3, 1961.

Chas. L. Orr, Oklahoma City, for plaintiff in error.

Tom Hieronymus, Woodward, for defendant in error.

JOHNSON, Justice.

In March, 1932, Lenore Williams, the owner of the SW¼ of Section 13, Township 27 North, Range 25 WIM, conveyed an undivided one-half of the minerals underlying such land to Pan Mutual Royalties, a trust estate. Thereafter, she permitted the ad valorem taxes upon such land to go delinquent, and the land was sold to Harper County at resale May 18, 1942. Thereafter, the plaintiff below, Delbert Williams, on December 7, 1942, acquired a County Commissioners deed, which deed was recorded December 8, 1942.

The plaintiff continued in possession of the land involved as he had been previously as a tenant of his mother. On April 27, 1943, Lenore Williams, mother of plaintiff, made a quitclaim deed to the plaintiff whereby she deeded him the land involved and one-half of the minerals thereunder. Plaintiff then claimed title under both deeds, this fact being evidenced by a requirement of the Commissioners of the Land Office. From that date on he held under both sources of title.

The facts are undisputed, and this appeal presents only questions of law.

■ The proof shows the tax deed to be void. The advertisement of the resale by which Harper County acquired its title included the last quarter of the taxes for the year 1941, which taxes were not delinquent at the date of the first publication. See House v. Mainka, 196 Okl. 174, 163 P.2d 225.

■ The deed being void, the only question in the case is the application of the statute of limitations. The plaintiff had

been in possession for more than five years, the limitation fixed by Section 93, Title 12 O.S.1951. We have repeatedly held that to apply this statute of limitations there must be for five years adverse possession of the same character as required by the fifteen year statute. Let us analyze the situation here.

The tax deed was, void, and therefore conveyed no interest in the minerals or surface. The title of the plaintiff to the minerals of defendant must be either bottomed on adverse possession for the statutory period or on the deed of the mother. Long before the statutory period of five years had run, plaintiff acquired the quitclaim from his mother. At the time of acquirement of this deed, he had no valid title to either surface or minerals. By this deed he became the owner of the surface and one-half of the mineral estate, thereby becoming a tenant in common with the defendant in the minerals.

Holding thus under the deed from his mother, the void title under the tax deed could never ripen into a prescriptive title because of the cotenancy created by the quitclaim deed, unless ouster of the cotenant was had.

This record does not disclose any notice brought home to the mineral owner that an adverse claim was being made. It is well settled by the opinions of this court that one cotenant may not hold adversely to the other cotenant until notice of such holding is brought home.

In the case of Preston v. Preston, 201 Okl. 555, 207 P.2d 313, this court quotes with approval from Chouteau v. Chouteau, 49 Okl. 105, 152 P. 373, as follows:

"The mere possession of a tenant in common, no matter how full and complete, does not operate as an ouster of his cotenant, or amount to adverse possession as against the claim of his cotenant. There must be something to show a denial or repudiation of his cotenant's rights, or the possession will be deemed to be held in subordination to the rights of the cotenant."

Again in Records v. Miles, 200 Okl. 62, 191 P.2d 918, the court cites Keeler v. McNeir, 184 Okl. 244, 86 P.2d 1004, holding that the mere possession of a tenant in common, regardless of how full and complete, does not constitute an ouster of his cotenant nor amount to adverse possession as against cotenant's title.

Not only is a cotenant restricted in the conditions under which he may hold adversely, but adverse possession of severed minerals is much more difficult. In Claybrooke v. Barnes, 180 Ark. 678, 22 S.W.2d 390, 67 A.L.R. 1436, the opinion holds:

"Where ownership of the surface and of the mineral rights has been severed, the only way the Statute of Limitations can be asserted against the owner of the mineral rights or estate is for the owner of the surface estate or some other person to take actual possession of the minerals by opening and operating mines for the statutory period."

See also 93 A.L.R. at page 1232. This rule is supported by the case of Deruy v. Noah, 199 Okl. 230, 185 P.2d 189.

We therefore hold that the interest of the defendant has not been extinguished by the tax deed of plaintiff.

Mention is made in the brief of plaintiff that the Pan Mutual Royalties, a trust estate, is not the real party in interest. The defendant was the one sued by the plaintiff. It is the only one against whom judgment was taken, and in view of the fact that the burden was upon Williams to establish his case, we think the objection is without merit.

The action of the trial court is reversed with directions to enter judgment quieting the title of Pan Mutual to an undivided one-half interest in the minerals involved.

WILLIAMS, C. J., and WELCH, DAVISON and HALLEY, JJ., concur.

BLACKBIRD, V. C. J., and JACKSON and BERRY, JJ., concur in result.