Mary Ellen ESTES, Appellant,

v.

Charles ESTES, Appellee.

No. 86335.

Supreme Court of Oklahoma.

July 16, 1996.

347

Bill Pipkin, Moore, for Appellant.

Martin Postic, Jr., Oklahoma City, for Appellee.

HODGES, Justice.

The issues in this case are (1) whether interdocket boundaries prohibited the district court from exercising authority [1] over an action to decide title to property omitted from an inventory and distribution in a probate but claimed to be exempt from the probate estate, and (2) if not, whether the district court erred in granting defendant's motion to dismiss. We answer that interdocket boundaries did not preclude the district court from exercising authority over the matter and that the district court erred in granting the motion to dismiss.

## I. FACTS

This dispute arises over property which was allegedly part of O.P. Estes' estate but which was omitted from the accounting and

the order of distribution. O.P. Estes died in 1958 leaving one-third of his estate to his widow, Frances Estes, and the remaining two-thirds to his two sons, William Estes and Charles Estes, and a grandson, Ricky Estes, to be divided equally. The final order of distribution of the O.P. Estes' estate states that the residue of the estate consisted of a mineral interest and that "there is no personal property to be distributed."

At the time of his death, O.P. Estes allegedly owned a valuable antique collection which was omitted from the accounting and the order of distribution. This property remained in the possession of Frances Estes until it was physically passed to Charles Estes. At the time the petition in this case was filed, Charles Estes either had possession of the antiques or had sold some of the pieces in the collection.

In 1979, William Estes, the plaintiff's husband, died. The plaintiff was William Estes' sole heir. The antiques were not listed as part of William's estate.

In 1993, Frances Estes died testate, leaving $1,000 to Ricky Estes, $2,000 to the plaintiff, and the remainder of her estate to Charles Estes. The antiques were not listed as part of her estate. Charles Estes claims the antique collection is his property by gift during the life of his father.

## II. PROCEDURAL HISTORY

On June 27, 1995, the plaintiff filed this action seeking an accounting and appraisal of the antiques and a partition. Defendant filed a motion to dismiss arguing the action was an improper collateral attack on the inventory of O.P. Estes' estate and the statute of limitations barred recovery of the property. The plaintiff responded that she was not attacking the inventory but seeking a partition of the property.

---

1. The parties draft the issue as one of jurisdiction. In 1967, the Oklahoma Constitution was amended to provide districts courts with unlimited jurisdiction and to eliminate courts of special jurisdiction. See Okla. Const. Art. 7, § 7(a). In 1969, the Oklahoma legislature amended the statutes to reflect the changes in the Constitution.

Okla. Stat. tit. 20, § 91.1 (Supp.1969). After these amendments, the issue is not whether the district court has jurisdiction, but whether interdocket remedial boundaries preclude a district court from exercising its authority. *Wilson v. Kane*, 852 P.2d 717 (Okla.1993).

The district court summarily dismissed the petition. The plaintiff brought an appeal under the accelerated appellate procedures. Okla. Stat. tit. 12, ch. 15, app. 2, rule 1.203 (Supp.1993). The Court of Appeals affirmed finding interdocket boundaries required the action be filed in district court sitting in probate. This Court granted certiorari.

## III. INTERDOCKET BOUNDARIES

We find the recent decision of *In re Estate of Steen*, 909 P.2d 63 (Okla.Ct.App.1992) (approved for publication by order of the Oklahoma Supreme Court, *In re Estate of Steen*, 909 P.2d 62 (Okla.1995)),[2] is controlling. In *Steen*, the executrix filed an inventory omitting a certificate of deposit and bank accounts which were held in joint tenancy with the appellant in the case. Another heir objected, arguing the property should have been included in the estate inventory. The appellant protested that interdocket boundaries prohibited the district court, sitting in probate, from exercising authority over the property.

The Court of Appeals and this Court found that the district court, sitting in probate, lacked authority over a dispute to title to property. The Court of Appeals reasoned that possession of personal property created a presumption of ownership, the presumption continued until rebutted, and the district court, sitting in probate, lacked authority to determine title to the property.

■ We find *Steen* is controlling here. Charles Estes or Frances Estes exercised possession over the antiques since at least 1958. This possession creates a presumption of ownership which continues and which has not yet been rebutted. *See id.* at 68. The plaintiff is disputing Charles Estes' ownership of the property, at least to the two-ninths she claims. Because this is a dispute over the title to the antique collection, it was properly brought in district court, sitting in non-probate proceedings.

*In re He–ah–to–me's Estate*, 325 P.2d 746 (Okla.1958), relied on by the Court of Appeals, is distinguishable from the present case. In *In re He–ah–to–me's Estate*, the testatrix bequeathed a life estate to her grandson and the remainder interest to contingent beneficiaries. The estate was reopened to determine who should inherit the remainder interest when the grandson died after the contingent beneficiaries. The issue in the case was not title to property but which of the heirs, devisees, or legatees was entitled to the property.

## IV. STATUTE OF LIMITATIONS

Having determined the district court had authority under interdocket boundaries to enter the order, we now turn to the second issue which is whether the statute of limitations had run on plaintiff's claim at the time she filed the petition. The defendant argues that the statute of limitations bars plaintiff's claim. Defendant's position is that the statute of limitations began to run on plaintiff's claim at the time of the distribution of O.P. Estes' estate in 1959. Plaintiff counters that, by virtue of title 58, section 692.1 of the Oklahoma Statutes, she was a cotenant and did not know that the defendant was holding the property adverse to her interest until October 1, 1994.

■ This Court reviews *de novo* a dismissal for failure to state a claim upon which relief can be granted and takes all the allegations of the petition, as well as all reasonable inferences, as true. *Hayes v. Eateries, Inc.*, 905 P.2d 778, 780 (Okla.1995). "A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle [the litigant] to relief." *Frazier v. Bryan Memorial Hosp. Auth.*, 775 P.2d 281, 287 (Okla.1989).

Plaintiff specifically alleged as follows. The antique collection was property of the estate of O.P. Estes. The plaintiff, as a result of being the sole devisee and legatee of William R. Estes, the son of O.P. Estes, owned a two-ninths interest in the collection. The plaintiff has been denied access to the collection and is entitled to an accounting and to her share of the collection.

---

**2.** The order of this Court approving *In re Estate of Steen* for publication became final on September 19, 1995, which was after the order of the district court was filed on September 15, 1995.

Title 58, section 692.1 of the Oklahoma Statutes provides:

> In the event any property is not specifically described in the inventory or in the final decree or in any other part of the proceedings, if the order or decree names the heirs, or devisees or legatees and the proportions of parts they are entitled to have distributed to them in the residue of the residue of the estate, the title of said omitted property is established in the heirs, devisees or legatees in the proportions or parts named, without the necessity of the issuing or subsequent letters testamentary, or of administration, or of administration with the will annexed.

Taking the allegations in the petition and all reasonable inferences as true, two-ninths interest in the collection passed to William R. Estes and then to the plaintiff. If the collection was part of O.P. Estes' estate, section 692.1 would have created a cotenancy in Frances Estes, William R. Estes, Charles E. Estes, and Ricky Jack Estes.

■ Mere possession of property by a cotenant is insufficient to establish adverse possession against the other co-tenants. *Myers v. Parkins,* 412 P.2d 136 (Okla.1965). "[O]ne cotenant may not hold adversely to the other cotenant until notice of such holding is brought home." *Pan Mutual Royalties v. Williams,* 365 P.2d 138, 140 (Okla. 1961). An ouster of a cotenant requires more than mere possession. *Id.* " 'There must be something to show a denial or repudiation of his cotenant's rights, or the possession will be deemed to be held in subordination to the rights of the cotenant.' " *Preston v. Preston,* 201 Okla. 555, 207 P.2d 313, 318 (1949) (quoting *Chouteau v. Chouteau,* 49 Okla. 105, 152 P. 373, 375 (1915)); *Records v. Miles,* 200 Okla. 62, 191 P.2d 918, 920 (1948). The statute of limitations does not begin to run against a cotenant whose interest is being adversely possessed until such time as the cotenant in possession acts to disavow that interest.

■ In the present case, the plaintiff has alleged a cotenancy in the antique collection which is sufficient to overcome a motion to dismiss. Taking these allegations as true, the defendant has not shown that he repudiated plaintiff's interest in the collection so as to bar her claim. Because plaintiff has stated a claim, the trial court erred in dismissing the petition.

■ The defendant encourages this Court to treat the motion to dismiss as one for summary judgment under title 12, section 2012(B) of the Oklahoma Statutes. Section 2012(B) provides: "If, on a motion … to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and *all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by the rules for summary judgment."* (Emphasis added.) This Court will not treat a motion to dismiss as one for summary judgment where the parties were neither put on notice of the action nor given an opportunity to present applicable material and where there is no indication that the trial judge considered material outside the pleadings. Okla. Stat. tit. 12, § 2012(B) (1991).

### V. CONCLUSION

Interdocket boundaries did not relieve the district court of its authority to hear the title dispute. Because the petition was sufficient to withstand a motion to dismiss the trial court erred in granting the motion. Therefore, the Court of Appeals' opinion is vacated, the judgment of the trial court is reversed, and the cause is remanded for further proceedings.

COURT OF APPEALS' OPINION VACATED; DISTRICT COURT'S JUDGMENT REVERSED; CAUSE REMANDED.

ALMA WILSON, C.J., and LAVENDER, HARGRAVE and OPALA, JJ., concur.

SUMMERS and WATT, JJ., concur in result.

KAUGER, V.C.J., and SIMMS, J., concur in part; dissent in part.