2004 OK CIV APP 88

Forrest J. TURPEN, Plaintiff/Appellant,

v.

Ronald David HAMBY, George W. Underwood, and Southwest Seals, Inc., Defendant/Appellee.

No. 100,298.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 4, 2004.

Certiorari Denied Oct. 11, 2004.

Sam P. Daniel, Jon E. Brightmire, Tom Q. Ferguson, Doerner, Saunders, Daniel & Anderson, L.L.P., Tulsa, OK, for Plaintiff/Appellant.

Frank M. Hagedorn, Robert P. Fitz–Patrick, Hall, Estill, Hardwick, Gable, Golden & Nelson, Tulsa, OK, for Defendants/Appellees Ronald David Hamby and Southwest Seals, Inc.

Ken Ray Underwood, Tulsa, OK, for Defendant/Appellee George W. Underwood.

Opinion by KENNETH L. BUETTNER, Presiding Judge.

¶1 Plaintiff/Appellant Forrest J. Turpen appeals from the trial court's order dismissing his Petition. Turpen sued Defendants/Appellees Ronald David Hamby, George W. Underwood, and Southwest Seals, Inc. (collectively "Appellees") for breach of fiduciary duty, breach of contract, and shareholder oppression. Appellees asserted that Turpen's claims were either barred by the statute of limitations or were improperly maintained shareholder derivative claims. The trial court granted Appellees' motions to dismiss and Turpen failed to amend his Petition. This case is presented under the accelerated procedure for summary judgments and certain dismissals, pursuant to Supreme Court Rule 1.36. Because we find Appellees waived the right to file a motion to dismiss for failure to state a claim, we reverse and remand for further proceedings.

¶2 Turpen filed his Petition April 23, 2003. Appellees then filed entries of appearance in which they reserved additional time to plead. Appellees later separately filed Motions to Dismiss.[1]  Turpen argued that Appellees

---

1.  Hamby and Southwest Seals argued that Turpen had not been employed by Southwest Seals since 1989 and was therefore not entitled to

salary or bonuses under the Agreement. Hamby and Southwest Seals further argued that Turpen and his counsel had been involved in disputes

waived their opportunity to file motions to dismiss for failure to state a claim when they reserved twenty days to answer the petition, citing 12 O.S.2001 § 2012(A). Turpen also complained that Appellees failed to separately state each omission alleged. The trial court dismissed Turpen's Petition January 5, 2004.

¶ 3 On appeal, Turpen again argues that Appellees waived dismissal for failure to state a claim, and that the motions failed to specifically state each omission or defect. We note that Appellees attached documentary evidence to their motions to dismiss. Ordinarily, once evidentiary materials have been submitted, a motion to dismiss must be treated as one for summary judgment. 12 O.S.2001 § 2012(B).[2] However, there is no indication in the dismissal order that the trial court considered the evidence attached to the motions to dismiss. The Oklahoma Supreme Court has explained that an appellate court "will not treat a motion to dismiss as one for summary judgment where the parties were neither put on notice of the action nor given an opportunity to present applicable material and *where there is no indication that the trial judge considered material outside the pleadings.*" *Estes v. Estes*, 1996 OK 79, 921 P.2d 346, 349 (emphasis added). In addition,

with them over the Agreement since 1989 and that accordingly, all of Turpen's claims were barred by the statute of limitations. They also alleged that Turpen had failed to go to any shareholders' meetings since 1991, had failed to respond to capital calls, had actively interfered with Southwest Seal's business, and had breached his fiduciary duty to Southwest Seals; consequently his claims were barred by the unclean hands doctrine. Hamby and Southwest Seals also asserted that Turpen's claims were derivative from his status as a shareholder and that he must make them on behalf of Southwest Seals, rather than against Southwest Seals.

In his Motion to Dismiss, Underwood incorporated the arguments made by Hamby and Southwest Seals. Underwood further argued that Turpen failed to perform under the contract and breached the contract; that Turpen's claims were barred by laches, estoppel and waiver; and that as minority shareholder, Underwood owed no fiduciary duty to Turpen. Underwood included a counterclaim against Turpen for breach of fiduciary duty and interference with business relationships.

Turpen's Answer to Underwood's counterclaim asserted that it was barred by laches, estoppel

Turpen specifically objected to consideration of the extraneous materials. Accordingly, we will not treat the motions to dismiss as motions for summary judgment under the record in this case.

¶ 4 Because Appellees filed entries of appearance which reserved additional time to respond, the plain language of § 2012(B) requires a finding that they waived their right to file a motion to dismiss for failure to state a claim. We therefore reverse the order dismissing Turpen's Petition and remand for further proceedings. We express no opinion on the factual or legal sufficiency of the allegations in Turpen's Petition. Additionally, 12 O.S.2001 § 2012(F)(4) provides that despite waiver of dismissal for failure to state a claim, a defendant is not precluded from later making a claim that the plaintiff is not entitled to relief as a matter of law, either through a motion for summary judgment or a demurrer to the evidence presented at trial.

REVERSED AND REMANDED.

ADAMS, J., and JONES, J., concur.

and waiver, and must be dismissed for failure to state a claim. Turpen argued that a case should not be dismissed on statute of limitations grounds, and he argued that he had sufficiently plead concealment to show tolling of the limitations period. Turpen asserted that breach of fiduciary duty is a tort claim and that it was personal to him, rather than a shareholder's derivative claim. He stated he only asserted that Hamby and Underwood breached their fiduciary duties to Southwest Seals as a way of increasing his punitive damages award, rather than as an effort to sue on behalf of Southwest Seals. Turpen cited to a treatise suggesting that minority shareholder oppression was a cause of action.

2. Section 2012(B) provides, in pertinent part:

If, on a motion asserting the defense numbered 6 of this subsection to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and all parties shall be given reasonable opportunity to present all material made pertinent to the motion by the rules for summary judgment.