2009 OK CIV APP 42

Stanton L. YOUNG, Plaintiff/Appellant,

v.

CHESAPEAKE LAND COMPANY, L.L.C., an Oklahoma Limited Liability Company, Defendant/Appellee.

No. 106,517.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 30, 2009.

Certiorari Denied April 6, 2009.

Eric J. Groves, Groves & Associates, Oklahoma City, OK, for Plaintiff/Appellant.

Fred R. Gipson, Oklahoma City, OK, for Defendant/Appellee.

CAROL M. HANSEN, Presiding Judge.

¶1 Plaintiff/Appellant, Stanton L. Young, seeks review of the trial court's order granting the motion to dismiss of Defendant/Appellee, Chesapeake Land Company, L.L.C. (Chesapeake), for failure to state a justiciable controversy in Young's action for declaratory judgment. We affirm, holding the mere allegation a property owner intends to violate restrictive covenants in the future fails to state an actual controversy, and in order to invoke the district court's subject matter jurisdiction to enforce restrictive covenants in a declaratory judgment action, the plaintiff must allege the defendant has taken action in violation of the restrictive covenants.

¶2 Young brought his petition for declaratory judgment, alleging Chesapeake had purchased property adjoining his property and razed the apartments occupying the property. He alleged Chesapeake's representatives had stated Chesapeake intended to build a five story structure on the site. Young sought a declaration the covenants restricting any structure on the site to no more than two stories in height were in full force and effect.

¶3 Chesapeake moved to dismiss the petition on the grounds no justiciable matter existed. It argued the petition presented only a possible, potential, or contingent dispute regarding the speculated height of condominiums it might someday construct. Chesapeake argued the trial court lacked jurisdiction to issue an advisory opinion on a hypothetical question. In response, Young argued the petition presented a justiciable case because it sought determination of the rights of parties to a contract, which may be made either before or after breach of any legal duty. Although Young submitted evidentiary materials with his response, the record does not indicate the trial court considered the materials and converted the motion to dismiss into one for summary judgment pursuant to 12 O.S.Supp.2004 § 2012(B).

¶4 The trial court granted the motion to dismiss, finding it lacked subject matter jurisdiction because the petition presented only a possible, potential, or contingent dispute and there was no actual, justiciable controversy. Young appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct.R. 1.36, 12 O.S.Supp.2003, Ch. 15, App. 1.

¶5 Although 12 O.S.Supp.2004 § 2012(B) provides for a motion to dismiss to be converted into a motion for summary judgment when matters outside the pleadings are attached, we will not treat a motion to dismiss as one for summary judgment when the trial court did not apply the summary judgment rule and there is no indication the trial court considered the outside material. *Estes v. Estes*, 1996 OK 79, 921 P.2d 346, 349. Therefore, we will review the trial court's order as a ruling on a motion to dismiss and determine de novo whether the petition is legally sufficient to invoke the trial court's subject matter jurisdiction, taking all of the petition's allegations as true. *Fanning v. Brown*, 2004 OK 7, 85 P.3d 841, 844. The rule that motions to dismiss are viewed with disfavor does not to apply to cases in which the court finds it lacks jurisdiction. *H & En, Inc. v. Okla. Dept. of Labor*, 2006 OK CIV APP 70, 136 P.3d 1070, 1071.

¶6 District courts may, in cases of actual controversy, determine rights, status, or other legal relations, including a determination of the construction or validity of any contract, either before or after there has been a breach of any legal duty or obligation. 12 O.S.Supp.2004 § 1651. In order to satisfy the jurisdictional requirement of actual controversy, "there must be an actual existing justiciable controversy between parties having opposing interests, which interests must be direct and substantial, and involve an actual, as distinguished from a possible, potential or contingent dispute." *Gordon v. Followell*, 1964 OK 74, 391 P.2d 242, 244.

¶7 Any owner of property in a real estate development may sue another owner in the development to enforce plat restrictions and covenants. 60 O.S.2001 § 856. This right to sue includes seeking declaratory judgment. In the present case, Young has alleged Chesapeake intends to violate the restrictive covenants, but has not alleged Chesapeake has violated the restrictive covenants. In order for a justiciable controversy

to arise, Chesapeake must take action in violation of the restrictive covenants. For example, in *Cupola Golf Course, Inc. v. Dooley*, 179 Vt. 427, 898 A.2d 134 (2006), the developer sought a declaratory judgment invalidating a covenant which prohibited buildings higher than one story on land "lying easterly" of the homeowner's property. The court found the dispute was based on an actual controversy because the developers had "taken actions that manifest their intent" by "initiat[ing] the lengthy permit process." *Id.* at 138. The court applied a similar rule to reach the opposite result in *Wendell v. Long*, 107 N.C.App. 80, 418 S.E.2d 825 (1992), in which the plaintiff property owners brought a declaratory action to enforce restrictive covenants against the defendant property owners. The court ruled an actual controversy was absent because the plaintiffs had alleged only that the defendants intended to violate the covenants in the future, but did not allege the defendants had acted in violation of the covenants.

¶ 8 We hold the mere allegation a property owner intends to violate restrictive covenants in the future fails to state an actual controversy. In order to invoke the district court's subject matter jurisdiction to enforce restrictive covenants in a declaratory judgment action, the plaintiff must allege the defendant has taken action in violation of the restrictive covenants, such as applying for a building permit. Accordingly, we AFFIRM the trial court's order dismissing the petition.

MITCHELL, C.J., and JOPLIN, J., concur.