2011 OK CIV APP 72

**Scott SEXTON, Plaintiff/Appellant,**

v.

**KIPP REACH ACADEMY CHARTER SCHOOL, INC., a Corporation, Defendant/Appellee,**

and

**Tracy McDaniel, an Individual, and Does 1–10, inclusive, Defendant.**

**No. 109,090.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 7, 2011.

As Corrected Oct. 4, 2011.

Brittany M. Novotny, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Michael L. Carr, Laura L. Eakens, Holden & Carr, Tulsa, Oklahoma, for Defendant/Appellee.

CAROL M. HANSEN, Judge.

¶ 1 Plaintiff, Scott Sexton, an Indiana resident, brought this action against Defendant, KIPP Reach Academy Charter School [School], a school in Oklahoma City, and Tracy McDaniel, the principal of School [Principal].

¶ 2 In his First Amended Petition–Wrongful Termination in Breach of Contract[1],

---

1. The trial court previously had dismissed Plaintiff's original petition, granting him leave to file an amended petition.

Plaintiff alleged, in part, he applied for a faculty position with School, and sent School his professional references. He interviewed with School twice in Oklahoma City, and per School's request, sent it additional profession references. School then notified him it had registered him for a national teachers' conference in Florida. He further alleged School sent him a request seeking his tee shirt size for a staff tee shirt.

¶3 He alleged on July 12, 2009, School "conveyed" a promise of employment to him. He further alleged on July 13th, School sent him a letter of intent [letter], seeking his signature. The letter "conveyed" a specific term of employment for him for the upcoming school year; it "communicated an intent" Plaintiff would be discharged only for cause and/or in accordance with specified procedures; and it "communicated School's promise of employment to Plaintiff, supported by consideration in the form of a salary . . . and a [school] issued cellular telephone device." He alleged School issued the cell phones only to persons it hired as faculty.

¶4 Plaintiff additionally alleged he reasonably relied on School's promise, believing he was employed because School had issued him a cell phone and had enrolled him in a national teachers' conference. He further relied on School's promise by taking "steps to move his home from Indianapolis, Indiana, to Oklahoma City, Oklahoma."

¶5 Plaintiff also alleged he "reasonably believed" the "contract formed" was a contract for one year, "as is customary in the teaching profession," and was terminable by School for good cause shown, "as is customary in the teaching profession."

¶6 He alleged School has a posted policy that it is committed to equal treatment for all individuals and does not discriminate on the basis of, among other things, sexual orientation. Plaintiff alleged he "reasonably believed" the contract included protection from discrimination on the basis of sexual orientation.

¶7 Plaintiff alleged that on July 17, upon learning about his sexual orientation,[2] Principal rescinded School's offer of employment. He further alleged School's decision to rescind the employment offer was contrary to the terms of the contract and thus, a breach of the contract. He sought monetary damages ". . . relating to salary and/or compensation, as well as expenses incurred in attempting to move from Indiana to Oklahoma, . . . ."

¶8 Pursuant to 12 O.S.2001 § 2012(B)(6), School and Principal filed a motion to dismiss Plaintiff's first amended petition arguing it failed to state a claim upon which relief may be granted. To their motion to dismiss, they attached a copy of the letter.[3] They contended the parties did not even enter into an employment contract, and specifically contended the letter is not a contract. They further argued there is no implied employment contract.

2. Plaintiff indicated School discovered his sexual orientation from one of his references.

3. The letter of intent stated, in part:
    . . .
    "Please be sure that we are the type of school that you are looking for. Next year we will all work long hours to build a school in our image. Please examine the following list of expectations to determine whether you are a good fit for your school."
    "You will be treated and compensated like a professional. We all work long hours and will be paid accordingly. Our pay scale matches Oklahoma City's, plus overtime for extended hours. Salary specifics are negotiable, but will not be lower than $42,445, including overtime. All teachers will also receive a benefits package including paid (409.12/month) health insurance premium.
    All teachers will receive a cellular phone.

You will receive outstanding training to improve your teaching. We will have in-house training as well as hiring outside consultants. Perhaps most importantly, we will send all teachers to observe top teachers and schools around the country. You will be a part of a passionate and talented group of teachers who do not make excuses for students based on race, socioeconomic background, or any other factors.
    This letter of intent is contingent upon:
    —Proof of graduation from an accredited university
    —Relevant State of Oklahoma teaching certification in or letter from Oklahoma Department of Education to teach in Oklahoma
    —OSBI report
    —Health physical
    —KIPP Reach Board Approval

¶ 9 On the other hand, in his opposition to School and Principal's motion to dismiss, Plaintiff argued he pleaded facts sufficient to establish the formation of an implied employment contract. Attaching copies of e-mails between him and School, he contended School offered him a teaching position, and he accepted that offer by submitting to School the signed letter, along with his teaching certificate and his OSBI criminal background report. Although he stated the letter itself was not a contract, he argued an essential term (salary) of the implied contract was contained in the letter. He further urged that because School provided him a cell phone[4] and enrolled him in a national teachers's conference, he reasonably believed an implied contract had been formed.

¶ 10 The trial court entered its journal entry of judgment wherein it found "... there is no contract of employment." It ordered the action be dismissed with prejudice. Plaintiff appeals this determination.

¶ 11 Title 12 O.S.2001 § 2012(B) explicitly states a motion to dismiss for failure to state a claim which references outside material will be treated as a motion for summary judgment. *See Rooks v. State Through Oklahoma Corp. Com'n,* 1992 OK CIV APP 155, 842 P.2d 773. Yet, here, there is no indication in the trial court's order dismissing Plaintiff's first amended petition the trial court considered the evidence attached to the motion to dismiss or Plaintiff's opposition to the motion to dismiss. The Supreme Court has explained that an appellate court "will not treat a motion to dismiss as one for summary judgment where the parties were neither put on notice of the action nor given an opportunity to present applicable material and where there is no indication that the trial judge considered material outside the pleadings." *Estes v. Estes,* 1996 OK 79, 921 P.2d 346; *Young v. Chesapeake Land Company, L.L.C.,* 2009 OK CIV APP 42, 211 P.3d 913. Accordingly, this Court will not treat the motion to dismiss as a motion for summary judgment.

¶ 12 The review of a trial court's dismissal for failure to state a claim upon which relief can be granted involves a *de novo* consideration as to whether the petition is legally sufficient. *Gay v. Akin,* 1988 OK 150, 766 P.2d 985. The purpose of a motion to dismiss is to test the law that governs the claim, not the underlying facts. *Miller v. Miller,* 1998 OK 24, 956 P.2d 887. When reviewing a motion to dismiss, all of the challenged pleading's allegations together with reasonable inferences which may be drawn from them are taken in favor of the nonmoving party. The appropriate question in testing the sufficiency of the allegations is whether relief is possible under any set of facts that could be established consistent with the allegations. *Boren v. Thompson & Associates,* 2000 OK 3, 999 P.2d 438.

¶ 13 In his petition in error, Plaintiff argues the trial court erred in dismissing his petition. He contends a contract for employment exists between him and School because School conveyed a verbal offer of employment, he verbally accepted the offer, and School's actions (enrolling Plaintiff in a faculty conference and issuing him a faculty cell phone) led him to reasonably believe School had hired him.

¶ 14 In his petition, Plaintiff alleges the elements of an implied contract. Specifically, Plaintiff alleges School's acts and conduct in issuing him a faculty-only cell phone, enrolling him in a national teachers' conference, and sending him a letter of intent. He also alleges his own acts and conduct in returning the signed letter, and in taking "steps to move his home from Indianapolis, Indiana, to Oklahoma City, Oklahoma."

¶ 15 Further, Plaintiff alleges the parties' intent to enter a contract upon defined terms and also alleges a meeting of the minds on the essential elements of a contract by stating the letter, issued by School and executed by Plaintiff, set forth a specific term of employment, consideration in the form of a stated minimum salary, and also termination for cause and/or in accordance with specified procedures.

¶ 16 Finally, Plaintiff alleges because School issued him a faculty-only cell phone and enrolled him in a national teachers' con-

---

4. The letter stated "[a]ll teachers will receive a    cellular phone."

ference, he relied in good faith on the alleged contract. Plaintiff's petition sets forth the existence of an implied contract. *Dixon v. Bhuiyan,* 2000 OK 56, 10 P.3d 888.

¶17 Because .Plaintiff alleged School breached the contract by rescinding its offer of employment, and because he alleged monetary damages, his petition is legally sufficient to state a claim for breach of implied contract. The trial court's judgment dismissing Plaintiff's petition with prejudice is RE-VERSED AND REMANDED FOR FURTHER PROCEEDINGS.

HETHERINGTON, P.J., and BELL, C.J., concur.