**Joseph ROOKS, Appellant,**

**v.**

**STATE of Oklahoma, Acting through the OKLAHOMA CORPORATION COMMISSION, Defendant,**

**and**

**Thaddeus Johnson, General Administrator for the Oklahoma Corporation Commission; Bob Anthony, Chairman, Oklahoma Corporation Commission; and Bob Hoskins, Vice Chairman, Oklahoma Corporation Commission, Appellees.**

**No. 78188.**

Court of Appeals of Oklahoma, Division No. 3.

Nov. 24, 1992.

Michael Gassaway, Oklahoma City, for appellant.

Susan B. Loving, Atty. Gen., W. Craig Sutter, Asst. Atty. Gen., Oklahoma City, for appellees.

## OPINION

HUNTER, Judge:

The trial court dismissed the named individuals from the lawsuit finding each of them had qualified immunity. Appellant claims the court erred in granting the motion on the grounds that the court erroneously treated the motion to dismiss as one for summary judgment; erred in finding qualified immunity and erred in dismissing the individuals from Appellant's invasion of privacy claim. We find no errors and affirm the trial court's order dismissing the individual defendants from the lawsuit. There is still a lawsuit pending on all the issues where Appellant is Plaintiff and the State of Oklahoma, through the Corporation Commission, is Defendant.

### Facts

Appellant was a state employee in the unclassified service. At the time of his discharge from employment, June 21, 1990, Appellant held the job of Director of the Data Processing Division of the Oklahoma Corporation Commission. Thaddeus Johnson, General Administrator of the Oklahoma Corporation Commission (OCC), under authority of the Commission, terminated Appellant's employment for the stated reasons that he lacked confidence in Appellant's willingness to implement changes in the Data Processing Division and because Appellant had confessed to some actions that he, Appellant, characterized as not be-ing "right". On June 26, 1990, the Daily Oklahoman published an article where Johnson stated he terminated Appellant's employment because he lacked confidence in him to accomplish the changes he felt were necessary to revise and upgrade the data processing operations. The article also observed that Appellant and his division had recently criticized an independent study which had concluded that the OCC might have spent too much to buy a new computer.

Appellant filed a lawsuit against the State of Oklahoma, through the Oklahoma Corporation Commission and the three individuals asking for relief pursuant to 42 U.S.C. § 1983 and 51 O.S.Supp.1990, §§ 151 et seq., Governmental Tort Claims Act. Appellant claimed the State and the individuals violated his constitutional rights in several respects. First, he asserted that he had a property interest in his employment and could not be discharged without due process of law. Appellant also claimed he had a liberty interest in his good name and ability to secure other employment and was deprived of that interest without due process of law which should involve at least a name-clearing hearing. Lastly, Appellant claimed his First Amendment rights were violated when he was discharged in retaliation for comments he made about Commissioner Anthony's desire for an independent study of Appellant's division. Appellant's lawsuit also included a claim for the tort of invasion of privacy. Before answering, the individual Defendants/Appellees filed a "Motion to Dismiss" on the grounds of failure to state a claim, 12 O.S.Supp.1984, § 2012(B)(6) and District Court Rule 13, Summary Judgment. Attached to this motion were affidavits and exhibits such as the OCC grievance policy, the Merit Protection Commission summary of investigation; the newspaper article about the discharge of Appellant and the independent study commissioned by the OCC. Appellees also filed a "statement of material facts not in controversy". Appellant responded, but chose to only address the Appellee's motion to dismiss for failure to state a claim. Appellant did not address the Rule 13 Sum-

mary Judgment proposition and did not attach any affidavits or exhibits of his own. Appellant's arguments against the motion to dismiss were off point because the prayer for dismissal was for certain parties, not the cause of action. The court, upon review of the written material presented to it and without oral argument of counsel or testimony of witnesses, granted the Appellees' prayer for relief and dismissed them from the lawsuit.

### Jurisdiction

■ An order dismissing some defendants from a lawsuit, for the reason that they have qualified immunity, is a final, appealable order. 12 O.S.1991, § 952. This is unlike a trial court order which denies a motion to dismiss or motion for summary judgment on the basis of qualified immunity where the only avenue for review lies in an original action. *McLin v. Trimble*, 795 P.2d 1035 (Okl.1990).

### Standards of Review

■ Where judgment is entered based solely on written materials, and the reviewing court has the same written materials before it, the reviewing court may substitute its judgment for that of the trial court. *Loffland Brothers Co. v. Overstreet*, 758 P.2d 813 (Okl.1988).

■ Qualified immunity is an affirmative defense found in federal law. It entitles government officials, performing discretionary functions, not to stand trial or face the other burdens of litigation, such as discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The presumption of immunity is in favor of the government officials and is not overcome unless it is shown that they violated clearly established law or constitutional rights of which the reasonable official should have known. *Harlow*, at 818, 102 S.Ct. at 2738. The relevant question is whether a reasonable official could have believed his action was lawful or constitutional in light of clearly established law. *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

■ Qualified immunity is a question of law and as such, we may review the decision *de novo*. *Melton v. City of Oklahoma City*, 879 F.2d 706 (10th Cir.1989).

### Findings on Review

■ The record is clear, as supported by law and facts, that Appellees' Motion to Dismiss was also a Motion for Summary Judgment. Rule 13, Summary Judgment, was referenced in the first paragraph of the motion. Appellees also filed a "statement of facts not in controversy", affidavits and exhibits. A granting of the motion would result in a dismissal of the individuals from the lawsuit. Furthermore, 12 O.S.Supp.1984, § 2012(B) explicitly states a motion to dismiss for failure to state a claim which references outside material will be treated as a motion for summary judgment. Appellant complains that if the motion is treated as one for summary judgment then he should be afforded time to conduct discovery. Qualified immunity, however, is not a question of fact where discovery would aid the process of justice. It is a matter of law and the court must decide the question early in the litigation because the very purpose of qualified immunity is to immunize state officials from suit, not just liability. There is a presumption of qualified immunity unless it is shown that the official's conduct violates clearly established statutory or constitutional rights. *McLin v. Trimble, supra*, at 1041, citing *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), *Melton v. City of Oklahoma City, supra*, at 729.

■ We now turn to the issue of whether the granting of the motion dismissing the individuals from the lawsuit was erroneous. The record the court had before it supports its finding that the individuals should be dismissed from the lawsuit. Appellant failed to come forward with anything that could lead the court to determine that a reasonable official could have believed the discharge of Appellant from his unclassified position was not lawful, in light of clearly established law. *Anderson v. Creighton*, 483 U.S. 635, 107

S.Ct. 3034, 97 L.Ed.2d 523 (1987). Appellant carries the burden of convincing the court that the law was clearly established and that the reasonable official would understand that what he was doing violates a person's rights. *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642 (10th Cir.1988). The *Pueblo* court, at 646, stated the test for challenging a federal complaint, pursuant to F.R. 12(b)(6), motion to dismiss for failure to state a claim upon which relief can be granted, when a defendant raises the affirmative defense of qualified immunity. The Oklahoma statute, 12 O.S.Supp. 1984, § 2012(B)(6), is adopted from and is identical to its federal counterpart, except for the added sentence requiring some specificity in a motion to dismiss for failure to state a claim. We may use federal case law to interpret Oklahoma procedural rules under these circumstances. *Laubach v. Morgan*, 588 P.2d 1071 (Okl.1978). Appellant had to do more in response to the motion than refer to his allegations in his petition. *Mengel v. Rosen*, 735 P.2d 560 (Okl.1987). Summary judgment in favor of the defendants which resulted in an order dismissing them from the lawsuit is appropriate when there are no issues of material fact and the individuals are entitled to judgment as a matter of law. *Flanders v. Crane*, 693 P.2d 602 (Okl.1984).

For his last proposition, Appellant claims Appellees should not have been dismissed from the lawsuit so far as the tort claim. We find no error, however, because the Governmental Tort Claims Act, 51 O.S.Supp.1990, § 152.1(A) immunizes state employees from tort liability so long as they are acting within the scope of their employment. There was no allegation nor evidence presented showing any Appellee was acting outside the scope of his employment.

AFFIRMED.

BAILEY, P.J., concurs.

HANSEN, V.C.J., concurs in result.