2012 OK 110

**ADA ELECTRIC CARS, LLC.,**
Plaintiff/Appellant,

v.

**Thomas KEMP, Jr., Jerry Johnson, Dawn Cash, and Rick Miller,**
Defendants/Appellees.

No. 111,016.

Supreme Court of Oklahoma.

Dec. 18, 2012.

Daniel G. Webber, Jr. and Grant M. Lucky, Ryan Whaley Coldiron Shandy PLLC., Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Joe M. Hampton and Amy J. Pierce, Corbyn Hampton, PLLC, Oklahoma City, Oklahoma, for Defendants/Appellees.

COMBS, J.:

¶ 1 Ada Electric Cars, LLC (Plaintiff/Appellant) filed this lawsuit against Thomas Kemp Jr., Jerry Johnson, Dawn Cash, and Rick Miller (collectively, Defendants/Appellees), members of the Oklahoma Tax Commission (OTC), in their individual capacities, in response to the OTC's denial of a statutory tax credit for certain models of Tomberlin low-speed electric vehicles (LSVs) sold by the Appellant to its customers. The statutory tax credit was originally enacted in the 1990s, and the controlling version in this case was codified at 68 O.S.Supp 2008, § 2357.22. It provided for a one-time credit against income tax for investments in qualified electric motor vehicle property.[1] This is the latest in several cases to come before this Court all concerning the LSV tax credit codified at 68 O.S.Supp 2008, § 2357.22.[2] The

---

1. 68 O.S.Supp 2008, § 2357.22 provides in pertinent part:

A. For tax years beginning before January 1, 2010, there shall be allowed a one-time credit against the income tax imposed by Section 2355 of this title ... for investments in qualified electric motor vehicle property placed in service after December 31, 1995.

. . . .

C. As used in this section, "qualified electric motor vehicle property" means a motor vehicle originally equipped to be propelled only by electricity to the extent of the full purchase price of the vehicle; provided, if a motor vehicle is also equipped with an internal combustion engine, then such vehicle shall be considered 'qualified electric motor vehicle property' only to the extent of the portion of the basis of such motor vehicle which is attributable to the propulsion of the vehicle by electricity. The term "qualified electric motor vehicle property" shall not apply to vehicles known as "golf carts," "go-carts" and other motor vehicles which are manufactured principally for use off the streets and highways.

2. In *Wilder v. Oklahoma Tax Comm'n*, 2012 OK CIV APP 91, —— P.3d ——, 2012 WL 4903035, purchasers of certain Tomberlin LSVs, sought review of a decision by the Oklahoma Tax Commission that the LSVs they purchased did not qualify for the tax credit available under 68 O.S. Supp.2008 § 2357.22(c). The Court of Appeals reversed the decision of the Oklahoma Tax Commission, holding that because the Tomberlin LSVs were originally equipped for propulsion by electricity, manufactured principally for legal use on roads, and not manufactured principally for use off the streets and highways, they qualified

dispositive issue presented is whether Appellees are entitled to qualified immunity from suit for their determination that LSVs sold by Appellant did not qualify for the tax credit provided for in 68 O.S.Supp 2008, § 2357.22. We hold that they are.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Appellant brings suit against Appellees in their individual capacities pursuant to 42 U.S.C. § 1983, alleging Appellees violated Appellant's constitutional rights by infringing upon Appellant's freedom of speech and denying Appellant equal protection under the law.[3] More specifically, Appellant alleges Appellees violated its rights by: 1) treating Appellant's vehicles and customers differently than other similarly situated LSV dealers due to the manner in which it applied the tax credit provided for in 68 O.S.Supp 2008, § 2357.22; 2) applying a construction of the statute that produced inconsistent, arbitrary, discriminatory, and absurd results; and 3) retaliating against Appellant for what Appellant claims was its protected speech in advertising the applicability of the tax credit to its vehicles.

¶ 3 Appellees moved to dismiss Appellant's lawsuit on multiple grounds, including: 1) Appellant lacked standing; 2) the § 1983 claims failed because they were conclusory; 3) Appellant failed to properly assert a First Amendment claim or Equal Protection claim;

and 4) Appellees are entitled to qualified immunity on all claims as a matter of law. Appellant responded to Appellees' motion to dismiss, disputing all of the above grounds for dismissal. On June 29, 2012, the trial court dismissed Appellant's First Amended Petition with prejudice, without stating grounds for dismissal. Appellant then filed a motion for a new trial, which the trial court denied on August 13, 2012. Appellant appealed and filed its petition in error on August 29, 2012. We retained jurisdiction.

### The applicability of the defense of qualified immunity is dispositive.

¶ 4 Appellees assert here, as they have previously when sued in their individual capacity by other LSV dealers, that they possess qualified immunity from suit. Qualified immunity is an affirmative defense which entitles government officials, performing discretionary functions, not to stand trial or face other burdens of litigation, such as discovery. *Rooks v. State Through Oklahoma Corp. Comm'n*, 1992 OK CIV APP 155, ¶ 6, 842 P.2d 773, 776; *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Because qualified immunity is an immunity from suit rather than a mere defense to liability, it is effectively lost if a case is erroneously permitted to go to trial. In *Pearson v. Callahan*, 555 U.S. 223, 232, 129

---

for the tax credit. The Oklahoma Tax Commission appealed the decision of the Court of Civil Appeals and we denied certiorari on October 1, 2012.

Another case to come before the Court in this matter bears substantial similarities to this one. In *Kemp et al. v. Hon. Roger H. Stuart, etc.*, District Court of Oklahoma County, State of Oklahoma, No. CJ–2011–6323, Petitioners Thomas Kemp, Jr., Jerry Johnson, Dawn Cash, and Rick Miller requested this Court assume original jurisdiction and issue a writ of prohibition, arguing they possessed qualified immunity from suit, after they were sued in their individual capacity by various LSV dealers asserting violations of their civil rights under 42 U.S.C. § 1983, including violations of their First Amendment rights and denial of Equal Protection. We assumed original jurisdiction and issued a writ of prohibition on October 22, 2012, No. 110,767, dismissing all claims against the members of the OTC, finding that Kemp and the other members possessed qualified immunity.

3. 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

S.Ct. 808, 815, 172 L.Ed.2d 565 (2009), the United States Supreme Court held that:

> Because qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (emphasis deleted). Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that " 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Accordingly, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (*per curiam*).

The question of whether parties to a suit possess qualified immunity is a question of law, and we review it de novo. *Barnthouse v. City of Edmond*, 2003 OK 42, ¶ 20, 73 P.3d 840, 849; *Mitchell*, 472 U.S. at 528, 105 S.Ct. 2806; *Melton v. City of Oklahoma*, 879 F.2d 706, 726 (10th Cir.1989).

¶ 5 This Court has previously espoused that there exists a presumption of immunity in favor of government officials which is not overcome unless it is shown the government officials violated clearly established law or constitutional rights of which a reasonable official should have known. *Barnthouse*, 2003 OK 42, ¶ 20, 73 P.3d 840, 849. In *Barnthouse*, we held:

> ... an objective test ... determine[s] whether the doctrine of qualified immunity applies. When government officials are performing discretionary functions, they will not be held liable for their conduct unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known."

*Barnthouse*, 2003 OK 42, ¶ 20, 73 P.3d 840, 849 (quoting *Harlow*, 457 U.S. at 818, 102 S.Ct. 2727). Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing: 1) that the official violated a statutory or constitutional right; and 2) that the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, —— U.S. ——, 131 S.Ct. 2074, 2080, 179 L.Ed.2d 1149 (2011); *Harlow*, 457 U.S. at 818–819, 102 S.Ct. 2727.

¶ 6 This court must examine the law as it was at the time of the officials' actions in order to determine whether the law allegedly violated was clearly established. *Barnthouse*, 2003 OK 42, ¶ 20, 73 P.3d 840, 849; *Harlow*, 457 U.S. at 818, 102 S.Ct. 2727. The plaintiff, in the underlying action must do more than identify a clearly established right in the abstract and allege it was violated: the contours of the law must be sufficiently clear that a reasonable official would understand what he/she is doing violates the established right. *Barnthouse*, 2003 OK 42, ¶ 20, 73 P.3d 840, 849; *Anderson* 483 U.S. at 640, 107 S.Ct. 3034. At the time of the officials' actions, existing precedent must have placed the statutory or constitutional question beyond debate. *Reichle v. Howards*, —— U.S. ——, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012); *Ashcroft*, 131 S.Ct. at 2083. Requiring the right allegedly violated to be clearly established protects a balance between the need to safeguard constitutional rights and the need for government officials to be able to effectively perform their duties by ensuring they can anticipate when their actions might violate constitutional rights. *See Reichle*, 132 S.Ct. at 2093; *Anderson*, 483 U.S. at 646, 107 S.Ct. 3034. In short:

> Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions, and when properly applied, it protects "all but the plainly incompetent or those who knowingly violate the law."

*Ashcroft*, 131 S.Ct. at 2085 (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

¶ 7 The First Amendment generally prohibits government officials from subjecting individuals to retaliatory actions for their speech. *Hartman v. Moore*, 547 U.S. 250, 256, 126 S.Ct. 1695, 1701, 164 L.Ed.2d 441 (2006). However, the United States Supreme Court has explained the right alleged-

ly violated must be established not as a broad general proposition, but in a particularized sense so that the contours of the right are clear to a reasonable official. *Barnthouse*, 2003 OK 42, ¶ 20, 73 P.3d 840, 849; *Reichle*, 132 S.Ct. at 2094. Under this standard, Appellant must demonstrate that when the Appellees interpreted the statutory exemption to exclude Appellant's vehicles, they violated a clearly established right that Appellant possessed to advertise its vehicles qualified for the tax credit. For Appellees' qualified immunity to be overcome, it would have to have been clear to a reasonable member of the tax commission that disqualifying Appellant's vehicles from the tax credit would violate Appellant's constitutional right to advertise that its vehicles qualified for the tax credit provided for in 68 O.S.Supp 2008, § 2357.22, and further that disqualifying Appellant's vehicles would somehow constitute retaliation against Appellant for advertising that its vehicles qualified.

¶ 8 Appellant has failed to demonstrate Appellees violated its clearly established right to freedom of speech in a manner that would enable Appellant to defeat Appellees' qualified immunity. Appellant has not demonstrated that reasonable government officials in Appellees' position would have thought they were impinging upon Appellant's freedom of speech by denying the tax credit to Appellant's customers based on Appellees' conflicting interpretation of the legislature's exclusionary language. At no point did Appellees take any action to affirmatively prevent Appellant from exercising its right to advertise freely, nor did they take any direct action against it as an entity at all. Appellees merely fulfilled their duty to interpret and apply a statutory provision granting a tax credit to certain types of LSVs and not to others. The fact that the Commission's interpretation was subsequently found to be in error would not invalidate the reasonableness of their earlier position, such as to prohibit the defense of qualified immunity: "[o]fficials

are not liable for bad guesses in grey areas; they are liable for transgressing bright lines." *Barnthouse*, 2003 OK 42, ¶ 15, 73 P.3d 840, 847 (quoting *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir.1992)).

¶ 9 Appellant also alleges that Appellees violated its right to equal protection of the laws as provided for in the United States Constitution by treating it, its products, and its customers differently under 68 O.S.Supp 2008, § 2357.22 than other dealers and customers, without any rational basis for the differential treatment.[4] In order to defeat Appellees' qualified immunity, Appellant's right to have its vehicles treated the same as other LSVs with regard to the tax credit would need to be sufficiently clear that by interpreting the tax credit to exclude Appellant's vehicles, "every 'reasonable official would [have understood] that what he is doing violates that right.'" *Reichle*, 132 S.Ct. at 2093 (quoting *Anderson*, 483 U.S. at 640, 107 S.Ct. 3034).

¶ 10 Title 68 O.S.Supp 2008, § 2357.22(C) specifically carves out an exception to the tax credit: "The term 'qualified electric motor vehicle property' shall not apply to vehicles known as 'golf carts,' 'go-carts' and other motor vehicles which are manufactured principally for use off the streets and highways." It is not unreasonable or beyond debate for the officials charged with construing and applying 68 O.S.Supp 2008, § 2357.22(C) to find that certain types of vehicles fell within the exclusion and others did not. Appellant may not agree with the decision making criteria used by Appellants in making their determination, and they may believe that the determination was made as a result of budgetary pressure, but they have demonstrated no precedent indicating that by making a determination which vehicles were known as "golf carts," "go-carts" and other motor vehicles which are manufactured principally for use off the streets and highways, "it would be clear to a reasonable officer that his conduct

4. U.S. CONST. amend. XIV, § 1 provides:
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privi-

leges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

was unlawful in the situation he confronted." *Wilkie v. Robbins,* 551 U.S. 537, 585, 127 S.Ct. 2588, 2618, 168 L.Ed.2d 389 (2007).

## CONCLUSION

¶ 11 The question of whether parties to a suit possess qualified immunity is a question of law, and we review it de novo. *Barnthouse,* 2003 OK 42, ¶ 20, 73 P.3d 840, 849; *Mitchell,* 472 U.S. at 528, 105 S.Ct. 2806; *Melton,* 879 F.2d at 726. As a matter of law, Appellees are entitled to the defense of qualified immunity. Appellees did not violate a clearly established constitutional right of Appellant by determining that language in 68 O.S.Supp 2008, § 2357.22(c) excluded Appellant's vehicles from the tax credit but did not exclude others. Appellees' decision, which resulted in the exclusion of certain types of vehicles from benefiting from the tax credit, including lines sold by Appellant, was based upon a reasonable interpretation of the statutory provisions.

¶ 12 Even though Appellees' reasonable determination was subsequently found to be erroneous, it was not the stepping across a bright line that would prevent the application of sovereign immunity. *See Barnthouse,* 2003 OK 42, ¶ 15, 73 P.3d 840, 847. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions, and when properly applied, it protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft,* 131 S.Ct. at 2085. Inasmuch as this Court has determined the defense of qualified immunity applies and is dispositive of the underlying action, the Court need not address the remaining issues.

## JUDGMENT OF THE TRIAL COURT IS AFFIRMED.

¶ 13 ALL JUSTICES CONCUR.